■ In the Matter of DEBRA L. AUMELL, Respondent, v DARLENE C. KING, Appellant. [795 NYS2d 360]—

Spain, J. Appeals from two orders of the Family Court of Clinton County (Lawliss, J.), entered February 25, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, to find respondent in willful violation of an order of protection.

In November 2003, Family Court issued an order of protection ordering respondent to stay at least 1,000 feet away from her sister, petitioner herein (*see* Family Ct Act art 8). In February 2004, petitioner commenced this proceeding, alleging that respondent violated the order of protection on January 19, 2004 at a shopping mall parking lot in the Town of Peru, Clinton County, and seeking relief pursuant to Family Ct Act article 8. After a fact-finding hearing, Family Court held respondent in contempt for willfully and intentionally violating the order of protection and issued a new order of protection which continued the prior "stay away" provision, prohibited respondent from any form of communication with petitioner and directed respondent to reimburse petitioner for fees and other costs incurred by petitioner. In a separate order, Family Court sentenced respondent to 24 hours in jail. Respondent appeals both orders.

On this record, the finding of contempt cannot stand. Such a finding requires petitioner to demonstrate the existence of a lawful court order clearly expressing an unequivocal mandate and, " 'when applied to the act complained of it should appear, with reasonable certainty, that [the mandate] had been violated' " (*Pereira v Pereira*, 35 NY2d 301, 308 [1974], quoting *Ketchum v Edwards*, 153 NY 534, 539 [1897]; *see Matter of Hoglund v Hoglund*, 234 AD2d 794, 795 [1996]). The violation

must be knowing and willful (*see Eisele v Eisele*, 307 AD2d 412, 413 [2003]; *Tel Oil Co. v City of Schenectady*, 292 AD2d 725, 725 [2002]; *Matter of Leighton-Ryan v Ryan*, 274 AD2d 775, 776 [2000]). Here, although ample evidence supports Family Court's conclusion that respondent did, in fact, commit the acts complained of, petitioner failed to present evidence supporting the fact that the narrowly worded order had been violated.

Petitioner alleges that she took a taxi to the shopping center and, upon exiting the taxi, she saw respondent sitting in her car in the parking lot, approximately 40 yards away. Respondent allegedly rolled down her window and screamed threats and profanities at petitioner. Testimony from the cab driver at the fact-finding hearing corroborated petitioner's account. Respondent denied ever being at the shopping center that day and presented witnesses to corroborate her story.

Although, in our view, Family Court reasonably credited petitioner's account of the incident, we find petitioner's allegations insufficient to demonstrate a willful violation of the order of protection. The order of protection clearly proscribed respondent from coming within 1,000 feet of petitioner, but—apparently crafted to protect petitioner from any physical confrontation with respondent—did not prohibit communication. Thus, the contempt finding cannot be based upon the alleged verbal assault alone. With respect to respondent's presence in the shopping center parking lot within 1,000 feet of petitioner, no testimony or other evidence was introduced suggesting that the incident was anything other than a chance meeting. No evidence was produced that respondent knew petitioner would be at the shopping center or, once contact was made, that she pursued petitioner or otherwise attempted to sustain the contact (*cf. Matter of Tina T. v Steven U.*, 243 AD2d 863, 865 [1997], *lv denied* 91 NY2d 805 [1998]). Accordingly, we conclude that petitioner did not meet her burden of demonstrating a willful violation of the order of protection (*see Matter of Hoglund v Hoglund, supra* at 795-796).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the orders are reversed, on the law and facts, without costs, and petition dismissed.