■ In the Matter of GIOVANNI C., a Person Alleged to be a Juvenile Delinquent, Appellant. [825 NYS2d 213]—Order of disposition, Family Court, New York County (Mary E. Bednar, J.), entered on or about February 15, 2005, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crime of public lewdness, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.

Appellant's claim that Family Court's disposition is not supported by legally sufficient evidence is not preserved for our review, as his objection was not directed to the alleged error, (*People v Hines*, 97 NY2d 56, 62 [2001]), and we decline to review it in the interest of justice. Family Court's finding was also not against the weight of the evidence. "The determination of a Family Court Judge sitting as trier of fact is to be accorded the same weight as that given to a jury verdict, and its determination should not be disturbed unless clearly unsupported by the record" (*Matter of Willie W.*, 32 AD3d 479, 480 [2006]; *see also People v Bleakley*, 69 NY2d 490, 495-496 [1987]). Here, the record provides us with no basis to disturb the court's findings as to credibility.

Appellant's additional claim of ineffective assistance of counsel, which involves matters that are dehors the record, such as his claims that his attorney did not interview potential witnesses, and did not meet with appellant prior to the hearing

to prepare him to testify, are not properly before us on direct appeal (*Matter of Robert P.*, 16 AD3d 512, 513 [2005]).

Finally, we find that the court imposed the least restrictive alternative disposition (*see* Family Ct Act § 352.2 [2]; *Matter of Eliazar G.*, 4 AD3d 157, 158 [2004]) given appellant's admitted marijuana use, his poor grades, attendance and punctuality at school, and his prior arrest in Florida. Concur—Saxe, J.P., Marlow, Nardelli, Catterson and McGuire, JJ.