In the Matter of NURIA BRONSON, Respondent, v LEE K. BRONSON, Appellant. (And Five Other Related Proceedings.) [830 NYS2d 386]—

Peters, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered May 25, 2005, which, inter alia, granted petitioner's application, in six proceedings pursuant to Family Ct Act article 6, to find respondent in willful violation of a prior order of protection.

Pursuant to two orders of Family Court issued in July 2004, petitioner (hereinafter the mother) and respondent (hereinafter the father) share legal custody of their two children (born 1991 and 1995), with primary physical custody to the mother. An order of protection prohibited the father from having any contact or communication with the mother "[e]xcept for purposes of effectuating visitation." In November 2004, the mother sought to modify the custody order to one of sole custody and, by December 2004, she sought to hold the father in willful violation of the order of protection. The father, thereafter, commenced four separate proceedings—two seeking to hold the mother in violation of the prior custody order and two seeking to modify the custodial order to one of sole custody to him. Af-

ter a hearing in May 2005, the father was found to be in willful violation and all of the other petitions, not previously withdrawn,* were dismissed. The father appeals.

As to the finding of willful violation, it is settled that such determination will not be disturbed if it is supported by a fair preponderance of the evidence, giving deference to Family Court's assessment of the witnesses' credibility (*see Matter of Birch v Sayegh*, 9 AD3d 514, 516 [2004]). As the father conceded that his purpose in attending his children's counseling session was not to "effectuate visitation," and that he refused to leave when asked to do so by the mother (*cf. Matter of Aumell v King*, 18 AD3d 905, 906 [2005]), Family Court's determination was properly supported. The order of protection expressed an unequivocal mandate that there be no contact or communication with the mother unless it was for the purpose of "effectuating" visitation. As the father's testimony established, with reasonable certainty, that he knowingly and willfully violated the order, we find no error (*see Pereira v Pereira*, 35 NY2d 301, 308 [1974]; *Matter of Aumell v King, supra* at 905).

Addressing the father's custody modification petitions which were premised primarily upon several instances of physical and emotional abuse of the children by the mother's live-in paramour, Rusty Baker, it was the father's burden to demonstrate a change in circumstances requiring a modification of the custody order for the best interests of the children (*see Matter of Lynn v Lynn*, 15 AD3d 765, 766 [2005]; *Matter of Chittick v Farver*, 279 AD2d 673, 675 [2001]). Aside from the testimony of numerous witnesses describing the acrimonious relationship between the father and Baker, the father failed to proffer one scintilla of evidence supporting his claims. When Baker testified, he specifically refuted any claim of physical or emotional abuse. Armed with evidence introduced at the parties' initial appearance on this matter concerning the results of a Family Ct Act § 1034 investigation ordered by the court, which found no credible evidence to support the father's allegations, Family Court properly dismissed these petitions.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* The father withdrew the two violation petitions by the time of the hearing.