■ CHARLES D. AVOLIO, Respondent, v PATRICIA FONTECCHIO, Appellant. [924 NYS2d 327]—

Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about March 22, 2010, which, to the extent appealed from as limited by the briefs, found that respondent mother willfully violated an all purpose short order, same court (Karen I. Lupuloff, J.), entered on or about December 20, 2006, and modified the all purpose short order to the extent of directing that the mother stay away from petitioner father's family and ensure that there is no contact by the parties' child with the father or his family except upon the father's application for a modification of visitation and the court's granting of such application, unanimously affirmed, without costs.

The record supports Family Court's determination that the mother willfully violated the all purpose short order by contacting and communicating with the father's family on more than one occasion (see Matter of Bronson v Bronson, 37 AD3d 1036, 1037 [2007]; see also Matter of Dyandria D., 22 AD3d 354, 355 [2005]). The subject order "expressed an unequivocal mandate" that the mother neither contact nor communicate with the father's family (Bronson, 37 AD3d at 1037). The mother's arguments to the contrary are unpersuasive because they attempt to justify the violation based upon matters outside the record (see Matter of Kent v Kent, 29 AD3d 123, 134 [2006]), or speak to credibility and the weight of the evidence, which are within the exclusive province of Family Court, as the factfinder, to determine (see Matter of Denzel F., 44 AD3d 389, 389-390 [2007]; Matter of Giovanni C., 35 AD3d 220, 220 [2006], lv denied 9 NY3d 809 [2007]).

We also reject the mother's argument that Family Court committed reversible error by not appointing an attorney for the child. While the appointment of an attorney for the child is mandatory in certain proceedings (see Family Ct Act § 249 [a]), such is not the case here (see Richard D. v Wendy P., 47 NY2d 943, 944-945 [1979]).

We have considered the mother's remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Freedman, Richter and Román, JJ.