■ Jennifer Sendor, Respondent, v Steven Sendor, Appellant. [941 NYS2d 556]—

Order, Supreme Court, New York County (Ellen Gesmer, J.), entered May 11, 2011, which, inter alia, after a nonjury trial, granted the motion of plaintiff mother to set aside the parties' Parenting Agreement and awarded her sole legal custody of the parties' child, modified the parenting schedule, and denied the

cross motion of defendant father for temporary legal custody of the child, unanimously affirmed, without costs.

The trial court properly set aside the parties' Parenting Agreement since joint custody is not appropriate where, as here, the parties' relationship is characterized by "acrimony and mistrust" (*Lubit v Lubit*, 65 AD3d 954, 955 [2009], *lv denied* 13 NY3d 716 [2010], *cert denied* 560 US —, 130 S Ct 3362 [2010]). The totality of the circumstances demonstrates that the award of sole legal custody to the mother was in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]). The evidence supports the court's view of the mother's superior ability to meet the emotional and intellectual needs of the child. Moreover, the father repeatedly failed to foster the child's relationship with her mother (*see Bliss v Ach*, 56 NY2d 995, 998 [1982]). Numerous e-mails from the father to the mother showed that he bullied and derided the mother and spoke negatively about her to the child.

The record shows that the mental health of the mother was fully explored by the trial court. The court noted the mother's past and found that her decision to seek mental health treatment for herself exhibited a concern and ability to take appropriate efforts to address mental health issues. Moreover, there was no indication that her depression affected her parenting abilities (*compare Moor v Moor*, 75 AD3d 675, 678 [2010]).

An appointment of an attorney for the child was not necessary for the trial court to resolve the custody issue in the best interests of the child. "There is no requirement that the court invariably appoint a Law Guardian for the child in every case where parents who are unmarried, divorced or separated, seek a judicial determination of child custody and there is no indication that the child's interests were prejudiced in any way" (*Richard D. v Wendy P.*, 47 NY2d 943, 944-945 [1979]; *see Avolio v Fontecchio*, 84 AD3d 611 [2011]). Concur—Saxe, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.