■ TONYA MURO PHILLIPS, Respondent, v ROGER PHILLIPS, Appellant. [46 NYS3d 77]—

Order and judgment (one paper), Supreme Court, New York County (Lori S. Sattler, J.), entered June 19, 2015, which, among other things, awarded plaintiff mother sole physical and legal custody of the parties' children, delineated the vacation and holiday periods awarded to each parent, and directed defendant father to pay legal fees to the mother's trial counsel in the amount of $35,000, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 15, 2015, unanimously dismissed, without costs, as subsumed in the appeal from the aforementioned order and judgment. Appeal from order, same court and Justice, entered June 29, 2015, which, among other things, referred the parties' financial issues to a special referee to hear and determine, and appeal from order, same court and Justice, entered November 10, 2015, which expanded the financial issues referred to the Special Referee, unanimously dismissed, without costs, as abandoned. Order, same court and Justice, entered February 5, 2016, which, among other things, directed the consolidation of the Supreme Court action with the Family Court actions presently pending between the parties, unanimously affirmed, without costs.

Supreme Court considered the totality of the evidence and properly determined that an award of sole legal and physical custody to the mother was in the best interests of the children (*see Eschbach v Eschbach*, 56 NY2d 167, 171, 174 [1982]). The evidence supports the court's view of the mother's superior ability to meet the emotional and intellectual needs of the children. Specifically, the record reflects the father's palpable animosity toward the mother, as well as his contempt and disdain for her, his critical remarks and hostile emails to her, and his attempts to exclude her from important events in the children's lives. The record further demonstrates that the father's conduct was undertaken without any thought on his part as to the potential impact on the children, and that he

repeatedly failed to foster the children's relationship with the mother (*see Matter of Celina S. v Donald S.*, 133 AD3d 471, 471 [1st Dept 2015]; *Sendor v Sendor*, 93 AD3d 586, 587 [1st Dept 2012]). The record also reflects the father's pattern of aggressive behavior toward the mother (Domestic Relations Law § 240 [1] [a]; *Matter of Celina S.*, 133 AD3d at 471). On the other hand, the record shows that, notwithstanding the father's conduct and lack of reciprocal courtesy, the mother has attempted to be civil and recognizes the value of maintaining the children's relationship with the father. There is no basis for disturbing the court's credibility findings (*Eschbach*, 56 NY2d at 173; *Victor L. v Darlene L.*, 251 AD2d 178, 178 [1st Dept 1998], *lv denied* 92 NY2d 816 [1998]).

While Supreme Court considered the testimony and recommendation of the forensic evaluator, it was not bound by the evaluator's recommendation (*Tatum v Simmons*, 133 AD3d 550, 551 [1st Dept 2015]). Nor was an appointment of an attorney for the children necessary for the court to resolve the custody issue (*Richard D. v Wendy P.*, 47 NY2d 943, 944-945 [1979]; *see Sendor*, 93 AD3d at 587).

The parenting schedule set forth in the order and judgment entered June 19, 2015 provides ample visitation to the father, is not unduly disruptive to the children's school and social schedule, and is consistent with the children's best interests (*see Matter of Arelis Carmen S. v Daniel H.*, 78 AD3d 504 [1st Dept 2010], *lv denied* 16 NY3d 707 [2011]).

Supreme Court providently exercised its discretion in awarding counsel fees to the mother in the amount of $35,000 (Domestic Relations Law § 237 [a]), based on, among other things, $200,000 of annual income imputed to the father (*see e.g. Osha v Osha*, 101 AD3d 481, 481 [1st Dept 2012]).

Supreme Court providently exercised its discretion in consolidating the Family Court actions with the Supreme Court action (*see e.g. Paul B. S. v Pamela J. S.*, 70 NY2d 739, 741-742 [1987]; *Kosovsky v Zahl*, 52 AD3d 305, 305 [1st Dept 2008]). Concur—Mazzarelli, J.P., Manzanet-Daniels, Feinman, Webber and Kahn, JJ.