Matter of Phillip M. v Precious B. (2019 NY Slip Op 04457)





Matter of Phillip M. v Precious B.


2019 NY Slip Op 04457


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9537

[*1]In re Phillip M., Petitioner-Respondent,
v
Precious B., Respondent-Appellant.


Richard L. Herzfeld, New York, for appellant.
Leslie L. Lowenstein, Woodmere, for respondent.
The Law Offices of Salihah R. Denman, PLLC, Harrison, (Salihah R. Denman of counsel), attorney for the child.



Order, Family Court, Bronx County (Rosanna Mazzotta, Referee), entered on or about June 14, 2018, which, after a hearing, granted petitioner-respondent father's motion for a modification of an order of custody of the same court (Adetokunbo Fasanya, J.), entered on or about June 26, 2015, and awarded sole legal and physical custody of the subject child to him with visitation to respondent-appellant mother, unanimously affirmed, without costs.
The Referee's determination that it was in the child's best interests to modify the prior joint custody order and award the father sole legal and physical custody of the child with visitation to the mother has a sound and substantial basis in the record (see Lubit v Lubit, 65 AD3d 954, 955 [1st Dept 2009], lv denied 13 NY3d 716, cert denied 560 US 940 [2010]. Initially, the parties are unable to reach a consensus or communicate on issues related to the child, rendering joint custody inappropriate (id. at 955; see Sendor v Sendor, 93 AD3d 586, 587 [1st Dept 2012]; see also Bast v Rossoff, 91 NY2d 723, 728 [1998]).
Further, the record demonstrates that when the child was in the mother's custody, the child was excessively absent and late to school, to the detriment of her academic performance. The mother also failed to appreciate the danger that her relationship with an abusive, level three sex offender posed to the child, even bringing the child to see him while he was incarcerated, despite knowing that he was a convicted sex offender and having an active order of protection against him. The father, by contrast, has demonstrated that he is able to ensure that the child's educational and emotional needs are met, and has provided the child with a safe and stable home (see Matter of Hugh L. v Fhara L., 44 AD3d 192 [1st Dept 2007], lv denied 9 NY3d 814 [2007]). Moreover, it was in the child's best interests to remain in the father's custody, with whom she wishes to remain, and in the school where she is doing well academically and
socially (see Friederwitzer v Friederwitzer, 55 NY2d 89, 94-95 [1982]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK