Matter of Ece D. v Sreeram M. (2019 NY Slip Op 08157)





Matter of Ece D. v Sreeram M.


2019 NY Slip Op 08157


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


10295

[*1] In re Ece D., etc., Petitioner-Appellant,
v
Sreeram M., etc., Respondent-Respondent.


Cox Padmore Skolnik & Shakarchy LLP, New York (Natalia Gourari of counsel), for appellant.
Sreeram M., respondent pro se.



Order, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about April 1, 2019, which, to the extent appealed from as limited by the briefs, granted joint legal custody, with residential custody of the children to the petitioner mother, and liberal visitation to respondent father, prohibited petitioner from relocating from her current residence without respondent's written consent or permission from the court, and permitted either party to travel with the children internationally with no restrictions, unanimously modified, on the law and the facts, to require that respondent's consent or order of the court must be obtained if petitioner seeks to relocate more than ten (10) miles from her current residence, and otherwise affirmed, without costs.
Family Court's award to respondent of extensive parenting time with the children is not inconsistent with its determination that, although the parties are to have joint legal authority of the children, the mother would have primary physical custody and final decision-making authority. The parenting schedule set by Family Court is not unduly disruptive to the children's schedule and is consistent with the children's best interests (Phillips v Phillips, 146 AD3d 719, 720 [1st Dept 2017]). Since the court's determination has a sound and substantial basis in the record, it must be accorded great respect on appeal (see Esbach v Esbach, 56 NY2d 167 [1982]).
The provision that each party may have up to three consecutive weeks of summer vacation with the children also has a sound basis in the trial record. The record shows that both parties are fit to take care of the children and have indicated that they will make the children's well-being their top priority; it contains nothing to suggest that this extended summer vacation plan will have an adverse effect on the children.
There is no basis in the record, however, for the strict relocation provision prohibiting petitioner from moving out of her apartment with the children without first obtaining respondent's written consent or the court's permission. Although a parent will not be permitted to undertake a geographical relocation that does not serve the best interests of the child, there is no basis for ordering petitioner to stay at her present address; Family Court should have imposed a reasonable radius restriction. Given the parenting schedule established by the court, the ten (10) mile radius proposed by petitioner is reasonable and is an appropriate distance for petitioner's relocation without the need for respondent's consent or court approval.
Petitioner argues that respondent should not be allowed to travel with the children to India because India is not a signatory to the Hague Convention on the Civil Aspects of International Child Abduction. However, the court's implicit finding that respondent is likely not an abduction threat has a sound basis in the trial record. Respondent has substantial real estate holdings, which he manages, in the New York area, he holds a TLC license, and has family in New York. Moreover, respondent testified that he wants the children, who are United States citizens, to remain in the United States.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK