Poppe v Poppe (2020 NY Slip Op 02985)





Poppe v Poppe


2020 NY Slip Op 02985


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


11557N 300953/19

[*1] Kamelia K. Poppe, Plaintiff-Appellant,
v
William F. Poppe, Defendant-Respondent.


Kamelia K. Poppe, appellant pro se.
Saltzman Chetkof & Rosenberg LLP, Garden City (Lee Rosenberg of counsel), for respondent.



Order, Supreme Court, New York County (Frank P. Nervo, J.), entered March 13, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiff mother's motion for a protective order directing that defendant father's parenting time with the children be supervised and to set a sum certain of child support arrears to be paid through the Support Collection Unit (SCU), and granted defendant's cross motion to the extent of reserving his right to seek counsel fees, unanimously affirmed, without costs.
The court providently exercised its discretion in denying plaintiff's motion to direct that defendant's visitation with the children be supervised, without a hearing, as plaintiff failed to make a showing that in light of changed circumstances it would not be in the children's best interests to adhere to the custody provisions of the parties' settlement agreement (see Steck v Steck, 307 AD2d 819, 820 [1st Dept 2003]; Matter of Margaret M.W.S. v Richard A.M., 179 AD3d 528 [1st Dept 2020]). In particular, as the court noted, plaintiff filed the instant motion as an emergency ex parte application after learning that defendant had commenced a proceeding in Nassau County, where he resides, to enforce the custody provisions of the parties' settlement agreement and to vacate its child support provisions. In any event, defendant refuted plaintiff's allegations that his mental and physical impairments required that he be supervised during his parenting time with the children. He submitted a letter from his treating endocrinologist who stated that his type I diabetes was well managed and did not physically impair him or his ability to drive. He also submitted the United States Tax Court's Memorandum of Findings of Fact and Opinion in a case arising from a deficiency in his Federal income tax for the 2007 tax year, in which plaintiff, who represented him, raised as a defense that defendant suffers from ASD, previously known as Asperger's Syndrome, thereby demonstrating that she was well aware of his diagnosis before the parties executed their settlement agreement.
Under the circumstances, the court also acted within its discretion in declining to appoint an attorney for the children (see Phillips v Phillips, 146 AD3d 719, 720 [1st Dept 2017]) and obtain forensic evaluations (see Matter of James Joseph M. v Rosanna R., 32 AD3d 725, 727 [1st Dept 2006], lv denied 7 NY3d 717 [2006]).
With respect to plaintiff's claim for child support arrears, we find that the child support provisions set forth in the settlement agreement did not comply with the CSSA and are therefore invalid and unenforceable (see e.g. David v Cruz, 103 AD3d 494 [1st Dept 2013]).
Plaintiff did not include the issue of counsel fees in her notice of appeal, which limited [*2]the appeal to other issues, and therefore it is not properly before us.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK