Matter of Ashlynn R. (Maria R.-Yeovany R.) (2020 NY Slip Op 07726)





Matter of Ashlynn R. (Maria R.-Yeovany R.)


2020 NY Slip Op 07726


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Docket No. NA-42584/16, NA-42585/16, NA-42583/16 Appeal No. 12686-12687-12788-12789 Case No. 2019-03372 2019-04261 2019-04032 2019-03933 

[*1]In re Ashlynn R., and Others, Children Under Eighteen Years of Age, etc., Maria R., Respondent-Appellant, Yeovany R., Respondent, Administration for Children's Services, Petitioner-Respondent.


Carol L. Kahn, New York, for appellant.
Neighborhood Defender Service of Harlem, New York (Kate Ferguson of counsel), for respondent-appellant.
James E. Johnson, Corporation Counsel, New York (Cynthia Kao of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), attorney for the children.



Order, Family Court, New York County (Emily Olshansky, J.), entered on or about September 18, 2019, which denied respondents' separate motions pursuant to Family Court Act § 1061 for a trial discharge of Ashlynn R. and Yeovanny R. into their care, unanimously reversed, on the law and the facts, without costs, and the motions granted.
Amended order of fact-finding and disposition and order of custody (one paper), same court and Judge, entered on or about September 18, 2019, nunc pro tunc to January 15, 2019, which, to the extent appealed from as limited by the briefs, after a fact-finding hearing, found that respondents abused Ian and Yeovanny, and derivatively abused Ashlynn, and that respondent Maria R. neglected Ashlynn, and, after a dispositional hearing, ordered that Ashlynn and Yeovanny remain in foster care, that the parents engage in additional services, and that respondent Yeovany R. stay away from Ian, unanimously modified, on the law and the facts, the finding of neglect against the mother as to Ashlynn R. vacated, and the matter of disposition remanded for further proceedings consistent with this decision before a different Family Court Judge, and otherwise affirmed, without costs.
Appeal from order of disposition, same court and Judge, entered on or about July 18, 2019, dismissed, without costs, as superseded by the amended order above.
Petitioner satisfied its burden of demonstrating abuse by introducing medical testimony that the child Ian sustained a distal oblique humeral fracture and the child Yeovanny suffered three fractured ribs that were "of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child" (Family Ct Act § 1046[a][ii]; Matter of Philip M., 82 NY2d 238, 243-244 [1993]). Petitioner's expert testified that the nature of these children's injuries indicated that they were the result of inflicted trauma, which, together with respondent Maria R.'s statements, corroborated by her stepdaughter Ashlynn, that respondent Yeovany R. hit and punched the children, supported a finding of abuse. Dr. O'Hara also considered Ian's diagnosed behavioral delays and "failure to thrive" as consistent with abuse. Upon review, we find the record provides no basis to disturb the court's factual determinations here (see Matter of Giovanni C., 35 AD3d 220, 220 [1st Dept 2006], lv denied 9 NY3d 809 [2007]), particularly its decision to credit the opinion of petitioner's expert over that of respondents' expert (see Matter of Benjamin L., 9 AD3d 153, 155, 157 [1st Dept 2004]), or its findings of credibility (see Matter of Syriah J. [Esther J.], 153 AD3d 430, 431 [1st Dept 2017]). Accordingly, we affirm the findings against respondents of abuse as to Ian and Yeovanny and derivative abuse as to Ashlynn (id.).
However, we vacate the finding of neglect against respondent Maria R. as to Ashlynn. Here, petitioner failed to show, by [*2]a preponderance of the evidence, that respondent's delay in seeking medical care after the child developed an unexplained rash or burn on her face was medical neglect (Family Ct Act § 1012[f][i][A]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]), where respondent monitored the child's condition, and there was no indication that such delay impaired or threatened to impair Ashlynn's health (see Nicholson, 3 NY3d at 369; Matter of Alexander D., 45 AD3d 264, 264-265 [1st Dept 2007]).
Family Court's denial of respondents' motions pursuant to Family Ct Act § 1061 for a trial discharge of the children Ashlynn and Yeovanny to their care, a position vigorously supported by the foster care agency and the attorney for the children, does not have a sound and substantial basis in the record (see Matter of Aaliyah B.[Althea R.], 170 AD3d 712, 712-713 [2d Dept 2019]). At the time of the motions, these children had recently been placed in their fourth foster home, and the agency was already investigating a fifth placement. Meanwhile, respondents had complied with all services, including full mental health evaluations ordered by the court at disposition, regularly attended unsupervised visitation, and had received uniformly positive reports from those who observed them interact with the children that they were loving and caring parents whose parenting skills were continually improving.
Under these circumstances, although respondents continued to maintain that Ian and Yeovanny's injuries were accidental, "their acceptance of ultimate responsibility for [the children's] injuries [was] demonstrated by their conduct" (Matter of C. Children, 247 AD2d 211, 212 [1st Dept 1998]). In view of the parents' demonstrated ability to care for the children, ACS failed to show that it would be in Ashlynn and Yeovanny's best interest for continued foster placement (Matter of Sunshine A.Y., 88 AD2d 662, 662 [2d Dept 1982]), especially when weighed against the emotional harm on children when they are removed from the home (see e.g. Matter of F.W. [Monroe W.], 183 AD3d 276 [1st Dept 2020]). Such emotional harm was amply documented here and disturbingly downplayed by both petitioner and the court. The record shows that Ashlynn suffered from severe anxiety, nightmares, and other mental health issues that her therapist and agency caseworker attributed to being separated from respondents and shuttled through a succession of foster care placements. At the hearing on the motions, the agency caseworker submitted evidence that Ashlynn had to be taken to a hospital emergency room for night terrors shortly after she began living in her fourth foster home. Based on the foregoing, respondents showed "good cause" under Family Ct Act § 1061 for a trial discharge.
We remand the matter of disposition to a different Family Court Judge for any further proceedings, consistent with this decision, including whether a "stay away" order against respondent Yeovany R. in favor of Ian is warranted[*3].
We have considered the parties' remaining arguments and either have not reached them as academic in light of our determination or find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020