The court properly awarded custody to defendant, with a phased visitation plan including therapeutic visitation for plaintiff, after carefully assessing the testimony of the parties and the court-appointed forensic expert (see Eschbach v Eschbach, 56 NY2d 167 [1982]). The record supports the court’s finding that the parties’ acrimonious relationship precludes joint custody (see Lubit v Lubit, 65 AD3d 954 [1st Dept 2009], lv denied 13 NY3d 716 [2010], cert denied 560 US 940 [2010]). It supports the court’s finding that defendant is better able than plaintiff to meet the emotional and intellectual needs of the child, including the need for a positive relationship with plaintiff. Elaintiff’s focus on his conflict with defendant has caused him to cease visitation with the child.
The record shows that the court fully explored the issue of defendant’s mental health. The court noted defendant’s past difficulties and found that defendant had appropriately addressed them. Further, there is no evidence that defendant’s past mental health issues have affected her parenting abilities (see Sendor v Sendor, 93 AD3d 586 [1st Dept 2012]).
*420 The requirement of therapeutic visitation between plaintiff and the child is the court’s well-considered response to the fact that the transitions between the parties have caused the child serious anxiety and the fact that plaintiff has not been visiting the child in a consistent or stable manner.
There is no basis to reopen the forensic examination. Plaintiff failed to demonstrate any changed circumstances in the short time between the issuance of the custody decision and his motion. Further, there is no evidence to support plaintiffs claim that the child is not healthy or thriving or that she is in danger because of defendant’s past mental health issues.
The court properly denied plaintiffs request for a stay of the financial proceedings since any further delay in the child support proceedings could harm the child. Further, plaintiffs filing for bankruptcy protection does not operate as a stay of this proceeding (see 11 USC § 362 [b] [2] [A] [ii]).
Plaintiff’s challenges to the court’s rulings on counsel fee awards, visitation with the child’s paternal grandparents, and the sufficiency of defendant’s discovery responses are not properly before us, since his appeals from the judgment entered January 22, 2010 and the order entered April 25, 2011 in which those rulings were made were dismissed by order of this Court dated April 18, 2012 (M-1844). Plaintiff’s purported appeals from the unsigned orders to show cause dated May 23, 2012 were also dismissed, by order dated January 3, 2013 (Elkin v Labis, 2013 NY Slip Op 60065[U] [1st Dept 2013]), since they were taken from nonappealable papers (see Naval v American Arbitration Assn., 83 AD3d 423 [1st Dept 2011]; CPLR 5701 [a] [2]).
We have considered plaintiffs remaining contentions and find them unavailing. Concur — Gonzalez, P.J., Tom, Renwick, Manzanet-Daniels and Feinman, JJ.