Matter of Jeanine H. v Mamadou O. (2020 NY Slip Op 02730)





Matter of Jeanine H. v Mamadou O.


2020 NY Slip Op 02730


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.


11456 -21579/15 -15/16A -22037/15 -15/16A

[*1] In re Jeanine H., Petitioner-Respondent,
v
Mamadou O., Respondent-Appellant.


Bruce A. Young, New York, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Andrew J. Baer, New York, attorney for the child.



Order, Family Court, Bronx County (Annette L. Guarino, Referee), entered on or about January 12, 2018, which, after a hearing, awarded respondent father sole legal and physical custody of the subject child and provided that the mother's parental access to the child be supervised by the father, unanimously modified, without costs, the mother is awarded interim unsupervised visitation no less than from 12 to 2 pm every Saturday, and the matter is remanded to Family Court for further proceedings to set an appropriate schedule and other appropriate terms for her visitation, and otherwise affirmed, without costs.
The determination that the child's best interests would be served by awarding sole legal and primary physical custody to the father is supported by a sound and substantial basis and is entitled to deference (see Eschbach v Eschbach, 56 NY2d 167 [1982]; Elkin v Labis 113 AD3d 419 [1st Dept 2014], lv dismissed 22 NY3d 1193 [2014]).
However, the determination that the mother be limited to two hours of visitation every Saturday supervised by the father at a location agreed upon by the parties did not have a sound and substantial basis in the record. Because "supervision can interfere with the parent-child relationship," it is only appropriate where there is a showing that the child's physical safety or emotional well-being is at risk without supervision (Frank M. v Donna W., 44 AD3d 495, 496 [1st Dept 2007]).
The record shows the following facts relevant to our decision. The parties lived together with the subject child, Z, from her birth until December 2014 or January 2015. The father testified that he never had any concerns about the mother's ability to care for her during the time they lived together.
From the time of the parties' separation until August 2015, the mother had sole care of Z. Since then, the father has had sole physical custody of Z.
On August 17, 2015, the mother filed a petition seeking custody of Z. On August 20, 2015, the father filed a cross-petition seeking custody of Z. His petition does not seek an order limiting the mother to supervised visitation, and he has never amended it to seek such a provision.
At a temporary custody hearing on December 3, 2015, the father testified that the child loves her mother and has a good relationship with her, and that he would not be opposed to the mother having parenting time every day if she wished. The court thereafter ordered that the mother have unsupervised visitation. The Family Court ordered that the mother have unsupervised visitation with the child for all but approximately 10 weeks over a two-year period during the pendency of this matter, frequently with the father's consent, both before and after the brief period of supervision. There was no evidence that the mother acted improperly during any of the visits. Indeed, after the father advised the court that the visits he had observed were "fine," the court again directed that the mother have unsupervised visits.
In its decision and order after trial dated January 12, 2018, Family Court found that the child is "loving as to both
. . . parents and refus[es] to express a preference to live with either parent.
Under these circumstances, there was no basis for directing that the mother be limited to supervised visits. Moreover, even if supervision were necessary, it would not be appropriate for the father to supervise, since the Family Court found that the parties did not communicate with each other.
However, given the passage of time since Family Court's order, we remand to Family Court for further proceedings to determine the appropriate parenting time schedule and other logistics, such as the time and location for pick-ups and drop-offs, as necessary.
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK