Matter of Candice W. v Gary Y. (2020 NY Slip Op 05310)





Matter of Candice W. v Gary Y.


2020 NY Slip Op 05310


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Gische, J.P., Oing, Singh, Mendez, JJ. 


Index No. V-25094-18 Appeal No. 11907 Case No. 2020-00158 

[*1]In re Candice W., Petitioner-Respondent,
v
Gary Y., Respondent-Appellant.


Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Rachel J. Stanton of counsel), attorney for the child.



Order, Family Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about November 13, 2019, which, inter alia, granted petitioner mother sole legal custody of the parties' child, unanimously affirmed, without costs.
A sound and substantial basis in the record supports the Referee's determination that granting sole legal custody to the mother, while the parents continued to share physical custody, was in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171-172 [1982]). There is no basis to disturb the Referee's findings that the mother was a credible witness, while respondent father was less credible on certain issues (see Matter of Lisa W. v John M., 142 AD3d 879, 879 [1st Dept 2016], lv denied 28 NY3d 912 [2017]). The Referee properly ruled out joint legal custody in light of the evidence that the parties were unable to effectively communicate concerning the child's educational, medical and other needs, which prevented them from consistently and effectively engaging in joint decision making (see Matter of Phillip M. v Precious B., 173 AD3d 434, 435 [1st Dept 2019], lv denied 33 NY3d 911 [2019]). While the father now urges that the court should have addressed this issue by dividing final decision making between the parents based on "spheres of influence," he did not present that proposal to the Referee. Furthermore, the parties' testimony focused on the child's educational and medical well-being and, on those issues, the testimony supported the award of final decision making to the mother who had taken the lead in addressing those issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020