Matter of Amanda R. v Daniel R. (2021 NY Slip Op 04095)





Matter of Amanda R. v Daniel R.


2021 NY Slip Op 04095


Decided on June 24, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 24, 2021

Before: Gische, J.P., Webber, Oing, González, JJ. 


Index No. V-30066/16 V-30078/16 Appeal No. 14116 Case No. 2019-5879 

[*1]In the Matter of Amanda R., Petitioner-Respondent,
v
Daniel R., Respondent-Appellant. 


Bruce A. Young, New York, for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, New York County (Marva Burnett, Referee), entered on or about July 17, 2019, which, after a hearing, awarded sole physical and legal custody of the parties' child to petitioner mother, with liberal parenting time to respondent father, unanimously affirmed, without costs.
The determination that it was in the child's best interests to award sole physical and legal custody of the child to the mother has a sound and substantial basis in the record (see Elkin v Labis, 113 AD3d 419, 419 [1st Dept 2014], lv dismissed 22 NY3d 1193 [2014]). The determination was based in part on the evidence that the father made unilateral decisions without consulting the mother, such as enrolling the child in a school near his residence and taking the child for a psychological evaluation, which called into question his ability to support and encourage an appropriate relationship between the child and the mother (see Matter of Mildred S.G. v Mark G., 62 AD3d 460, 461 [1st Dept 2009]). Furthermore, the prior findings that the father committed acts of domestic violence against the mother (see Matter of Amanda R. v Daniel A.R., 166 AD3d 462 [1st Dept 2018]), rendered joint custody impossible (see Zappin v Comfort, 155 AD3d 497, 498 [1st Dept 2017], appeal dismissed 31 NY3d 1077 [2018]). The court also properly considered the fact that the father filed multiple unsubstantiated reports of abuse and neglect against the mother (see Matter of Osbourne S. v Regina S., 55 AD3d 465, 466 [1st Dept 2008], lv dismissed 13 NY3d 782 [2009]).
The father's argument that he was prejudiced by actions or remarks of the attorney for the child (AFC) is unpreserved. Assuming without deciding that the AFC's actions or remarks were unwarranted, the court is presumed to have considered only competent evidence in reaching its determination (see People v Neal, 293 AD2d 323 [1st Dept 2002], lv denied 98 NY2d 731 [2002]). The father provides no reason to revisit the court's credibility findings, which are entitled to great deference on appeal (see Matter Lisa W. v John M., 142 AD3d 879 [1st Dept 2016], lv denied 28 NY3d 912 [2017]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2021