Matter of Alberto D. v Erica E.A. (2022 NY Slip Op 02867)

Matter of Alberto D. v Erica E.A.

2022 NY Slip Op 02867

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Gische, J.P., Webber, Friedman, Oing, Kennedy, JJ. 

Index No. V-06971/20 Appeal No. 15815 Case No. 2021-03513 

[*1]In the Matter of Alberto D., Petitioner-Respondent,
v
Erica E.A., Respondent-Appellant. 

Steven N. Feinman, White Plains, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Philip Katz, New York, attorney for the child.

Order, Family Court, Bronx County (David J. Kaplan, J.), entered on or about September 7, 2021, which, after a hearing, granted petitioner father's petition for sole legal custody of the subject child with parenting time shared equally, unanimously affirmed, without costs.
The court's determination that an award of sole legal custody to the father was in the best interests of the child was supported by a sound and substantial basis in the record and is entitled to deference (see Eschbach v Eschbach, 56 NY2d 167 [1992]; Matter of Kevin McK. v Elizabeth A.E., 111 AD3d 124, 129-130 [1st Dept 2013]; Matter of Carmen G. v Rogelio D., 100 AD3d 568 [1st Dept 2012]). The court examined and weighed numerous factors, relying on no single factor, including the quality of the home environment, the parental guidance provided, the ability of each parent to provide for the child's emotional and intellectual growth, and the relative fitness of each parent and the separation of the half-siblings.
The evidence supports the court's finding that, while both parents had provided an appropriate home for the child, the father was more stable and better able to provide for all the needs of the child, including the need for a positive relationship with the other parent (see Elkin v Labis, 113 AD3d 419, 419 [1st Dept 2014], lv dismissed 22 NY3d 1193 [2014]). The mother made unilateral decisions without consulting the father, which called into question her ability to support and encourage an appropriate relationship between the child and father (see Matter of Mildred S.G. v Mark G., 62 AD3d 460, 461 [1st Dept 2009]). Joint legal custody would not have been appropriate in light of both parties' testimony concerning their rocky relationship, and the evidence of the mother's verbal outburst and anger toward the father which limited their ability to reach agreement concerning the child (see Matter of Candice W. v Gary Y., 187 AD3d 426 [1st Dept 2020]; Matter of Phillip M. v Precious B., 173 AD3d 434, 435 [1st Dept 2019], lv denied 33 NY3d 911 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022