■ In the Matter of WANDA WOROWSKI, Appellant, v STANISLAW WOROWSKI, Respondent. — Order, Family Court, New York County (Davis, J.), entered June 10, 1981, awarding joint custody of the child to the parents, unanimously reversed, on the law, on the facts, and in the exercise of discretion, custody awarded to the mother with visitation to the father and matter remanded for a visitation hearing, without costs. Generally, joint custody is not favored where the parents are severely antagonistic and embattled (*Braiman v Braiman*, 44 NY2d 584, 587). The parents in this proceeding have been living apart from September, 1978 to date. These years have been marked by continuing disputes between the parents over the custody of their 15-year-old son, Janusz. Prior to the present dispute, Judge Dembitz signed a consent order, dated March 5, 1980, granting custody to the father with visitation to the mother. In this background of continuing marital turmoil, the hearing court abused its discretion in awarding joint custody. The evidence at the hearing demonstrated that both parents have loved and have taken care of the child within the limits of their abilities. However, each parent has personal and character flaws. The two psychiatric experts were in disagreement as to which parent was more fit. Doctor Brooks sided with the father; Doctor Sheinkman favored the mother. The mother, now 54 years old, has a history of alcoholism. Nonetheless, there is a clear indication that she has become more temperate under psychotherapy. Unfortunately, the record documents two occasions on which she acted less than responsibly for her own safety and that of her child. Janusz did express a distinct preference for remaining with his mother. Moreover, the mother has shown the marked ability to satisfy the child's emotional and educational needs. The evidence suggests that the father, although not an alcoholic, drinks with some regularity. The father, now 74 years of age, is very rigid in his views and authoritarian in his discipline. Additionally, the record supports the conclusion that he tends to be bigoted in his views and delusional as to his status. The father has always provided for the material needs of the child but, because of his dictatorial nature, he has had many problems communicating with his son. He has been most vigilant in caring for the child, particularly on those occasions when the mother's performance was irresponsible or aberrational. For the following reasons, we believe that the mother should be the custodial parent. First, it should be stressed that the child is an outstanding student and quite mature for his age. While his wish to be with his mother is not controlling, it must be given more than minimal weight in the circumstances of this case. (Cf. *Bullotta v Bullotta*, 43 AD2d 847.) Second, the proof indicates that the mother has achieved a significant improvement in the quality and stability of her lifestyle. Thus, there is every reason to expect that the mother, who is so much younger than the father, will be more supportive of the child over the long term. Finally, we would rely upon the report and testimony of Doctor Sheinkman that custody should be granted to the mother because there was no meaningful interaction between the father and the child. In awarding custody to the mother, we recognize that appropriate visitation must be afforded to the father. Therefore,

a hearing must be held on that matter. Concur — Murphy, P. J., Kupferman, Sandler, Carro and Lynch, JJ.