■ In the Matter of ALFREDO J.T., Respondent, v JODI D., Appellant. [992 NYS2d 431]—

Order, Family Court, Bronx County (David B. Cohen, J.), entered on or about August 30, 2013, which, inter alia, awarded petitioner father Alfredo J.T. sole legal and physical custody of the subject child, with visitation to respondent mother, unanimously affirmed, without costs.

The court's determination was based upon a thoughtful assessment of the parties' testimony and credibility, and has a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Bubbins v Bubbins*, 136 AD2d 672 [2d Dept 1988]). The court properly considered the appropriate factors in making its determination, and gave appropriate

weight to the testimony and recommendations of the court-appointed forensic expert, which is but one factor to consider and is not a substitute for the court's own review of the relevant record evidence (*see State of New York ex rel. H.K. v M.S.*, 187 AD2d 50, 53 [1st Dept 1993], *appeal dismissed* 81 NY2d 1006 [1993]).

The court properly considered the evidence that, among other things, the mother deliberately and continuously disparaged the father in the child's presence, which caused the child to develop anxiety which was further fostered by the mother's conduct (*see Dodson v Dodson*, 77 AD3d 564 [1st Dept 2010]), and impeded the father's visitation with the child, conduct clearly inconsistent with the child's best interests (*see Matter of Xiomara M. v Robert M.*, 102 AD3d 581, 582 [1st Dept 2013]; *Matter of Howell v Lovell*, 103 AD3d 1229, 1232 [4th Dept 2013]; *Matter of James Joseph M. v Rosana R.*, 32 AD3d 725, 726 [1st Dept 2006], *lv denied* 7 NY3d 717 [2006]).

In addition, the father was shown to be more stable and better suited to meet the child's medical and educational needs (*see Matter of Worowski v Worowski*, 95 AD2d 687 [1st Dept 1983]; *Matter of Sellen v Wright*, 229 AD2d 680, 681 [3d Dept 1996]). In the mother's care, the child developed advanced bottle rot requiring extensive dental treatment, and was still wearing diapers at the age of five. The mother changed the child's preschool repeatedly, sometimes without consulting the father, and moved to several different residences. The court properly considered the evidence supporting the mother's allegations of domestic violence, and concluded that the allegations were not credible.

The child, who now resides in the father's home with her father, stepmother, stepsister and an infant half-brother, would benefit from continued stability in the father's home, and will still be able to maintain contact with her older half-sister through visitation and modern communication technology (*see Matter of Brown v Marr*, 23 AD3d 1029, 1030 [4th Dept 2005]).

The attorney for the child acted properly in apprising the court of the then five-year-old child's expressed preference to reside with the mother, but in advocating otherwise based upon her determination that the child lacked "capacity for knowing, voluntary and considered judgment" (22 NYCRR 7.2 [d] [3]; *see Matter of Rosso v Gerouw-Rosso*, 79 AD3d 1726, 1728 [4th Dept 2010]).

We have considered appellant's remaining arguments, and find them unavailing. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.