Matter of Tiffany P. v Sharon B. (2019 NY Slip Op 04114)





Matter of Tiffany P. v Sharon B.


2019 NY Slip Op 04114


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Sweeny, J.P., Richter, Kapnick, Oing, Singh, JJ.


9451

[*1]In re Tiffany P., Petitioner-Appellant,
v
Sharon B., Respondent-Respondent, Morris T., Respondent.


Law Office of Neal D. Futerfas P.C., White Plains (Neal D. Futerfas of counsel), for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Andrew J. Baer, New York, attorney for the child.



Order, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about May 16, 2017, which modified an order of visitation, entered on or about August 16, 2012, with respect to the subject child, unanimously affirmed, without costs.
The Family Court properly modified the order of visitation, granting the mother four hours of unsupervised visitation with the child, every Sunday. Among other things, during the child's life, the mother's contact with him has been sporadic. The mother was incarcerated for more than two years, when the child was two years old, and her subsequent visitation with him continued to be limited. The mother's visitation alternated between supervised and unsupervised visits, and her visitation was suspended, in June 2015, for a period of time, based on her continuing to speak to the child about his paternity and telling him that she hoped the paternal grandmother who had cared for the child since his infancy, dies. The mother also engaged in other inappropriate conduct with the child, which caused him to feel uncomfortable and unsafe.
There was a sound and substantial basis in the record for the court's determination (see Matter of Frank M. v Donna W., 44 AD3d 495 [1st Dept 2007]). Among other things, the court gave proper weight to the forensic expert's report (see Matter of Alfredo J.T. v Jodi D., 120 AD3d 1138 [1st Dept 2014]) and the child's clearly expressed wishes (Matter of Swinson v Dobson, 101 AD3d 1686, 1687 [4th Dept 2012], lv denied 20 NY3d 862 [2013]). At the mother's request, the court also heard testimony from her caseworker. On this record, and in light of the court's long history with the parties, a further hearing was unwarranted
(Matter of Oliver S. v Chemung County Dept. of Social Servs., 162 AD2d 820, 821-822 [3d Dept 1990]; Matter of Chaim N.[Angela N.], 103 AD3d 728 [2d Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK