Matter of Deanna V. v Michael C. (2020 NY Slip Op 00085)





Matter of Deanna V. v Michael C.


2020 NY Slip Op 00085


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Friedman, J.P., Webber, Singh, Moulton, JJ.


10708

[*1] In re Deanna V., Petitioner-Respondent,
v
Michael C., Respondent-Appellant.


Bruce A. Young, New York, for appellant.
Carol L. Kahn, New York, for respondent.
Law Office of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), attorney for the child.



Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about April 7, 2019, which, to the extent appealed from as limited by the briefs, granted the mother's petition to modify the custody order, awarded her sole legal and physical custody of the parties' child and ordered that the child commute from the Bronx to Long Beach for high school, unanimously affirmed, without costs.
The record demonstrates that, upon the parties' agreement in 2012, the child went to live with the father and paternal grandmother in Long Beach, Long Island and would visit the mother every weekend. However, by 2016, the father was spending 2 of 5 weeknights at his girlfriend's home in Brooklyn, and the child was being supervised by the grandmother. The grandmother enrolled the child in school and took him to all medical, dental, and therapy appointments. She was also disciplining the child. The record showed that the child complained to his mother that his grandmother was abusing him, took away his things, and prevented him from contacting her. The child, through his attorney, expressed his desire to not live with the grandmother, and to either live with the father outside of the grandmother's home or with his mother.
A court has the discretion to order a change in custody when the totality of the circumstances warrants its doing so and it is in the best interest of the child (Eschbach v Eschbach, 56 NY2d 167, 172-174 [1982]). Factors to consider in determining the best interests of the child include the quality of each parent's home environment; the length of time the child has resided with each parent; the parents' past performance and relative fitness as a parent; their respective abilities to provide for the child's emotional and intellectual growth/development; the quality of the home environment and the parental guidance provided; and the willingness of each to foster a positive relationship with the other parent (see id.; Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]). Matters of custody are within the sound discretion of the trial court (Sequeira v Sequeira, 105 AD3d 504 [1st Dept 2013], lv dismissed 21 NY3d 1052 2015]), and its findings should be accorded great deference since that court was in the best position to evaluate the testimony, character, and sincerity of the parties (Matter of Lisa W. v John M., 142 AD3d 879, 879 [1st Dept 2016], lv denied 28 NY3d 912 [2017]). Further, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (Matter of David H. v Khalima H., 111 AD3d 544, 545 [1st Dept 2013], lv dismissed 22 NY3d 1149 [2014]).
The Family Court's determination that it was in the subject child's best interests to modify the prior joint custody order and award the mother sole legal and physical custody of the child, with visitation to the father, has a sound and substantial basis in the record (see Matter of Phillip M. v Precious B., 173 AD3d 434, 435 [1st Dept 2019], lv denied 33 NY3d 911 [2019]). It is clear from the child's actions that the father's current home, which he shares with the paternal grandmother, is harming the child's emotional and mental health. In addition, while the [*2]father does play a role in the child's life, he has delegated decision-making authority to the grandmother, rather than sharing it with the mother. As such, the Court properly determined that it was in the child's best interests to transfer physical custody to the mother. The circumstances also support the Court's order that the child continue to attend Long Beach High School so that he may remain with his friends and continue his extracurricular activities.
Moreover, it was clear from the extensive litigation history and the parties' acrimonious relationship that the parents are unable to reach a consensus or communicate on issues relating to the child. Accordingly, joint legal custody is inappropriate (see id.; Sendor v Sendor, 93 AD3d 586, 587 [1st Dept 2012]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK