Matter of Deserie D.G. v Jonathan C. (2020 NY Slip Op 03618)





Matter of Deserie D.G. v Jonathan C.


2020 NY Slip Op 03618


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Renwick, J.P., Mazzarelli, Webber, Kern, Moulton, JJ.


15 -15 11716 Dkt. V-31155-13/15D

[*1] In re Deserie D. G., Petitioner-Respondent,
v
Jonathan C., Respondent-Appellant.


Larry S. Bachner, New York, for appellant.
Jonathan Rosenberg, PLLC, Brooklyn (Jonathan Rosenberg of counsel), for respondent.



Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about March 31, 2017, which, after a trial, awarded the mother sole legal and physical custody of subject child Ariana C., unanimously affirmed, without costs.
Matters of custody are within the sound discretion of the trial court and its findings should be accorded great deference, as that court was in the best position to evaluate the parties' testimony, character, and sincerity (Matter of Deanna V. v Michael C., 179 AD3d 445, 446 [1st Dept 2020]; Matter of Lisa W. v John M., 142 AD3d 879 [1st Dept 2016], lv denied 28 NY3d 912 [2017]). Its determination should not be disturbed unless it lacks a sound and substantial basis in the record (Deanna V., 179 AD3d at 446).
The record supports the award of sole custody to the mother and denial of joint custody. It supports the finding that the mother, with the grandmother's help, cared for the child's daily needs. The finding of the parties' acrimonious relationship, evinced by domestic violence and extensive litigation history, and the finding that the parties do not communicate about the child further supports the Family Court's decision (Deanna V., 179 AD3d at 445). The father, who ignores the domestic violence issue, offers no reason to revisit the finding that the mother testified credibly as to his aggressive behavior, which the court properly took into account (Phillips v Phillips, 146 AD3d 719 [1st Dept 2017]). The court properly balanced these issues at arriving at its decision. Further, the court acknowledged the mother's inflexibility as to parenting time and the benefits of the child spending time with her father, and accordingly awarded him significant parenting time and access to information.
The father's arguments regarding an attorney for the child (AFC) are unpreserved and, in any event, lack merit. "There is no requirement that the court invariably appoint a Law Guardian for the child in every case where parents . . . seek a judicial determination of child custody and there is no indication that the child's interests were prejudiced in any way" (Sendor v Sendor, 93 AD3d 586, 587 [1st Dept 2012], quoting Richard D. v Wendy P., 47 NY2d 943, 944-945 [1979]; Ambrose v Ambrose, 176 AD3d 1148, 1151 [2d Dept 2019]; Matter of Dorsey v De'Loache, 150 [*2]AD3d 1420, 1423 [3d Dept 2017]). Under the circumstances, including the child's young age and the absence of demonstrable prejudice to her interests, the court providently exercised its discretion to not appoint an AFC.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK