Matter of Annette R. v Dakiem E.D. (2020 NY Slip Op 03872)





Matter of Annette R. v Dakiem E.D.


2020 NY Slip Op 03872


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Friedman, J.P., Renwick, Gische, Mazzarelli, Moulton, JJ.


11805 -17/18A

[*1] In re Annette R., Petitioner-Respondent,
v
Dakiem E. D., Respondent-Appellant.


Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Cahill Gordon & Reindel LLP, New York (Cyrus N. Bordbar of counsel), for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, New York County (Stephanie Schwartz, Referee), entered on or about May 23, 2019, which modified a visitation order to reduce respondent-father's visitation with the subject child, unanimously affirmed, without costs.
Although this Court's authority in custody matters is as broad as that of the trial court, the latter's findings and determination are accorded great deference on appeal (Victor L. v Darlene L., 251 AD2d 178 [1st Dept 1998], lv denied 92 NY2d 816 [1998]), since that court had the opportunity to assess the witnesses' demeanor and credibility (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]). Here, there is a sound and substantial basis in the record for the court's determination that the circumstances had changed sufficiently to modify the original visitation order (see Skidelsky v Skidelsky, 279 AD2d 356 [1st Dept 2001]). The record clearly establishes that the father continued to have difficulty with the child's asthma medications, not recognizing or understanding when and how they were to be employed.
As any modification must be based upon a "totality of the circumstances," with the overarching goal of promoting the child's best interests (see St. Clement v Casale, 29 AD3d 367, 368 [1st Dept 2006]), this conduct by the father justified the court's modification of the visitation agreement to minimize risk to the child's health, by eliminating back-to-back overnight visitation and requiring that the child was to be in FaceTime contact with the mother every four hours that the child was with the father between 7:00 a.m. and 8:00 p.m.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK