Matter of Tylaeya C. v Karl S. (2020 NY Slip Op 5280)





Matter of Tylaeya C. v Karl S.


2020 NY Slip Op 05280


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Kapnick, J.P., Gesmer, González, Scarpulla, JJ. 


Docket No. V-18987/17 Appeal No. 11920 Case No. 2019-05555 

[*1]In re Tylaeya C., Petitioner-Respondent,
v
Karl S., Respondent-Appellant.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Jessica Brenes, Referee), entered on or about December 5, 2019, which, after a hearing, granted the mother's petition seeking legal and physical custody of the parties' child, unanimously affirmed, without costs.
There is a sound and substantial basis in the record for the Family Court's determination that the child's best interests would be served by awarding sole legal and physical custody to the mother with liberal visitation rights to the father (see Elkin v Labis, 113 AD3d 419, 419 [1st Dept 2014], lv dismissed 22 NY3d 1193 [2014]). The evidence adduced at the hearing demonstrates that the mother was the child's primary caretaker and provided for his daily needs. She dropped him off and picked him up from school every day, provided financial support for his extracurricular activities to the extent she could, and met with his teachers (see Matter of Jamel W. v Stacey J., 136 AD3d 552 [1st Dept 2016]). She also handled his medical appointments and knew exactly what medications he took for his asthma (see Matter of James Joseph M. v Rosana R., 32 AD3d 725, 726 [1st Dept 2006], lv denied 7 NY3d 717 [2006]). The mother was also able to provide greater stability, as the child had resided primarily with her through his entire life (see Jamel W., 136 AD3d at 553). Since the parties had an acrimonious relationship and did not communicate with each other except through third parties, joint custody was not appropriate (In re Michael B., 145 AD3d 425, 430 [1st Dept 2016]). The father's argument that the court overlooked the mother's "sharp animosity" towards him and failure to include his contact information on the current school "blue card" is unavailing. The father testified that he had communicated with the child's prior school principal and his current school basketball coach, and there was no evidence that the father ever attempted to obtain the child's school or medical records. Moreover, when directed to do so prior to completion of the trial, the mother promptly gave the school the father's contact information. Though the parents had a contentious relationship, there was also no evidence that the mother prevented the father from spending time with the child (see Matter of Feliccia v Spahn, 108 AD3d 702, 703 [2d Dept 2013]). To be sure, the father rarely missed his weekend visits with the child and appeared capable of providing love and support to the child, but the totality of the circumstances,
including the teenage child's own wishes, support the court's decision to grant legal and physical custody to the mother while allowing the father liberal visitation rights (see Eschbach v Eschbach, 56 NY2d 167, 174 [1982]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020