Matter of Charles N.N. v Jaclyn A.M. (2021 NY Slip Op 02606)





Matter of Charles N.N. v Jaclyn A.M.


2021 NY Slip Op 02606


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Kapnick, J.P., Moulton, Scarpulla, Mendez, JJ. 


Docket No. V-17145/16-17D, V-17554/16-17D, V-17554/16-17E, V-17146/16-17D, V-17553/16-17E, V-17553/16-17D Appeal No. 13713 Case No. 2020-01441 

[*1]In the Matter of Charles N.N., Petitioner-Respondent,
v
Jaclyn A.M., Respondent-Appellant.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Andrew J. Baer, New York, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Louise Feld of counsel), attorney for the children.



Order, Family Court, Bronx County (Alma M. Gomez, J.), entered on or about January 24, 2020, which, to the extent appealed as limited by the briefs, after a hearing, granted petitioner father and respondent mother joint custody of the subject children and awarded final decision-making authority to the father with respect to the subject children's educational, nonemergency health and religious upbringing, unanimously affirmed, without costs.
Matters of custody are within the sound discretion of the trial court and its findings should be accorded great deference, as it was in the best position to evaluate the parties' testimony (Matter of Deanna V. v Michael C., 179 AD3d 445, 446 [1st Dept 2020]). Its determination should not be disturbed unless it lacks a sound and substantial basis in the record (id.).
Contrary to the mother's assertions, the court properly continued joint custody and awarded final decision-making authority to the father, given the mother's failure to consult the father or even keep him apprised of the children's schooling (see Jonathan R. v Meredith S., 173 AD3d 609 [1st Dept 2019]). While joint custody may not be warranted when the parties' relationship is acrimonious (Matter of Jamel W. v Stacey J., 136 AD3d 552 [1st Dept 2016]), such determination, without more, does not mean that shared custody is inappropriate (see Matter of Steingart v Fong, 156 AD3d 794, 796 [2d Dept 2017]).
As the custody and visitation order previously stood, with sole decision-making to the mother as well as sole physical custody, it was used to exclude the father from meaningful participation (see Anonymous 2011-1 v Anonymous 2011-2, 136 AD3d 946, 948-949 [2d Dept 2016]). The court's remedy, which requires the mother to communicate with the father about decisions regarding the children, is intended to rectify the mother's failure to communicate with the father and accordingly has a sound and substantial basis in the record.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021