Kessler v Charney (2022 NY Slip Op 03797)

Kessler v Charney

2022 NY Slip Op 03797

Decided on June 09, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 09, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 305890/13 Appeal No. 16114 Case No. 2021-03379 

[*1]Hollis Kessler, Plaintiff-Respondent,
v
Robert H. Charney, Defendant-Appellant.

Bressler, Amery & Ross, P.C., New York (David H. Pikus of counsel), for appellant.
Rower LLC, New York (Kara M. Bellew of counsel), for respondent.

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered September 13, 2021, which granted plaintiff mother's motion for an order permitting her to relocate with the parties' child, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in determining the mother's motion to relocate with the child without holding a hearing, appointing an attorney for the child, or ordering a forensic examination. Supreme Court, which was operating under time constraints imposed by the imminent start of the school year, had sufficient, uncontroverted information before it from the parents' motion papers to make an informed decision regarding the child's best interests (see Matter of Deserie D.G. v Jonathan C., 184 AD3d 538, 539 [1st Dept 2020]; Matter of Antoine D. v Kyla Monique P., 168 AD3d 476, 476 [1st Dept 2019], lv denied 32 NY3d 17 [2019]; Matter of Samuel v Sowers, 162 AD3d 674, 674-675 [2d Dept 2018]). Supreme Court's finding that "this is one of those rare instances where the determination on relocation can be made without the need for further proceedings" has a sound and substantial basis in the record. The father did not dispute that the schools in the area where the mother proposes to relocate are excellent and that the child's eligibility for middle school in Manhattan will be based on lottery rather than merit. The father's claim that Manhattan is better for the child than the suburban area to which the mother proposes to relocate is belied by the father's himself having left Manhattan for a suburban area. Supreme Court appropriately determined that relocation would not decrease the father's parenting time, especially in light of the mother's agreement to take on extra travel so as to accommodate the father's schedule (see Matter of Tropea v Tropea, 87 NY2d 727, 739-740 [1995]; Schwartz v Schwartz, 186 AD3d 1742, 1744 [2d Dept 2020]).
Contrary to the father's contention, it is not necessary to show changed circumstances where, as here, a party is seeking permission to relocate in accordance with the terms of a custody order allowing relocation upon a later court order (see Matter of Cindy F. v Aswad B.S., 176 AD3d 549, 550 [1st Dept 2019]). Nor is there any indication that the mother acted in bad faith, as she complied with the terms of the relocation provision in the parties' custody agreement, and her desire to relocate was motivated by what was best for the child and his education.
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2022