Matter of Kendra E. v Jared T. (2022 NY Slip Op 06063)

Matter of Kendra E. v Jared T.

2022 NY Slip Op 06063

Decided on October 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 27, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Shulman, Rodriguez, JJ. 

Docket No. V23579/18, V26864/18 Appeal No. 16547 Case No. 2020-03424 

[*1]In the Matter Kendra E., Petitioner-Respondent,
v
Jared T., Respondent-Appellant. 

The Law Offices of Salihah R. Denman, PLLC, New York (Salihah R. Denman of counsel), for appellant.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for respondent.
The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), attorney for the child.

Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about July 13, 2020, which, after a trial, insofar as appealed from as limited by the briefs, awarded sole physical and legal custody of the subject child to petitioner mother and awarded visitation to respondent father, unanimously affirmed, without costs.
The award of sole custody to the mother was a provident exercise of the court's discretion. Initially, the court found the mother's testimony credible and the father's far less credible, and those findings are entitled to deference (see Deanna V. v Michael C., 179 AD3d 445, 446 [1st Dept 2020]). The record also shows that the mother, who has cared for the child his entire life, has capably made all decisions concerning him, and that he has thrived under her care. In contrast, the record shows that the father has been uninvolved in the child's life (see Matter of Adriano D. v Yolanda A., 94 AD3d 448, 449 [1st Dept 2012]). The father does not adequately address that, notwithstanding his alleged concerns about exclusion from the child's life, he did not seek judicial relief until 2018 (see Matter of Charmaine L. v Kenneth D., 76 AD3d 910, 910 [1st Dept 2010], lv denied 16 NY3d 702 [2011]). In any event, the court addressed the issue by, among other things, ordering the mother to notify him of major decisions regarding the child's education, medical care and treatment, need for therapy or counseling, and religious training.
Similarly, the court properly found an award of joint custody was not in the best interests of the child, given the nature of the parties' relationship (see Braiman v Braiman, 44 NY2d 584, 590 [1978]; Lubit v Lubit, 65 AD3d 954, 955 [1st Dept 2009], lv denied 13 NY3d 716 [2010]; cert denied, 560 US 940 [2010]). The record shows that the parents cannot agree on issues concerning the child, as they cannot communicate or share information about the child in a productive way, and the father becomes aggressive when he disagrees with the mother (see Deanna V., 179 AD3d at 446-447).
The visitation schedule was also a provident exercise of the court's discretion (see Christopher H. v Taiesha R., 166 AD3d 548, 548 [1st Dept 2018]). More parenting time with the father would not be in the child's best interests (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [1982]), nor do the father's arguments adequately confront the sound bases for the court's imposition of stringent limitations on his access, including the child's fear of the father and the father's physical altercations with the mother.
We reject the father's arguments that Family Court should have issued an order gradually expanding his parenting time, as such an order would effectuate a modification of visitation based on the mere passage of time, rather than on the requisite change of circumstances (Christopher H., 166 AD3d at 548). Nor does the father show that such an order would be in the best interests [*2]of the child, especially given that the child consistently stated that he wished to spend less time with the father — a preference that the court properly took into account (see id.; Melissa C.D. v Rene I.D., 117 AD3d 407, 408-409 [1st Dept 2014]).
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2022