Matter of Flor Maria R.S. (Luis D.R.) (2023 NY Slip Op 04832)

Matter of Flor Maria R.S. (Luis D.R.)

2023 NY Slip Op 04832

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Docket No. V-28971/19, V-14626/21 Appeal No. 649 Case No. 2023-00864 

[*1]In the Matter of Flor Maria R.S., Petitioner-Respondent,
Luis D.R., Respondent-Appellant. 

Larry S. Bachner, New York, for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Leslie S. Lowenstein, Woodmere, attorney for the child.

Order, Family Court, Bronx County (Kristine M. Marshall, Ref.), entered on or about December 30, 2022, which, insofar as appealed from as limited by the briefs, after a trial, awarded sole physical and legal custody of the subject child to petitioner mother and awarded visitation to respondent father, unanimously affirmed, without costs.
The award of sole custody to the mother was a provident exercise of the court's discretion. The court found the mother's testimony credible and the father's testimony less credible where it conflicted with the mother's testimony. Those findings are entitled to deference (Matter of Annette R. v Dakiem E.D., 185 AD3d 465 [1st Dept 2020]; Matter of Deanna V. v Michael C., 179 AD3d 445, 446 [1st Dept 2020]). The record reflects that the mother has cared for the child his entire life and capably made all decisions concerning him. The father, while involved in the child's life, has interfered with some of the mother's decision-making and has not infrequently failed to appear for scheduled visitations. We further note that the father did not seek custody of the child until after the mother obtained an order of protection against him. In any event, the court ordered the mother to notify the father of major decisions regarding the child's education, medical care and treatment, among other things.
The court also properly concluded that joint custody was not in the child's best interests, given the parties' inability to co-parent, the father's unilateral interference with the mother's decision-making to the child's detriment, and his pattern of harassment and making multiple police reports against the mother (see Braiman v Braiman, 44 NY2d 584, 590 [1978]; Matter of Kendra E. v Jared T., 209 AD3d 606, 606-607 [1st Dept 2022]).
The visitation schedule set forth by Family Court was also a provident exercise of the court's discretion (Matter of Christopher H. v Taiesha R., 166 AD3d 548, 548 [1st Dept 2018]). The court provided more parenting time to the father, including overnight visits, outlined a schedule for alternating holidays, and put forth a reasonable and fair method for the parents to determine visitation for the less-predictable school vacation schedule.
The father's remaining arguments concerning, among other things, the purported unfairness of the trial, lack support in the record and are otherwise unpreserved. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023