Matter of Pedro C. v Michelle R. (2023 NY Slip Op 05356)

Matter of Pedro C. v Michelle R.

2023 NY Slip Op 05356

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Pitt-Burke, Higgitt, Rosado, JJ. 

Docket No. V-12449-50-17/19A V-12449-50-17/21B Appeal No. 866 Case No. 2022-05390 

[*1]In the Matter Pedro C., Petitioner-Respondent,
v
Michelle R., Respondent-Appellant. 

Larry S. Bachner, New York, for appellant.
Karen D. Steinberg, New York, for respondent.
Dawne Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.

Order, Family Court, Bronx County (Ashley B. Black, J.), entered on or about November 10, 2022, which, after a hearing, granted petitioner father's application to modify a prior custody order by granting him sole legal and physical custody of the subject children with supervised visitation to respondent mother, unanimously affirmed, without costs.
Family Court's decision to modify custody based on a change in circumstances and the best interests of the children has a sound and substantial basis in the record (see Matter of Ze'Nya G. [Nina W.], 126 AD3d 566, 566 [1st Dept 2015]). Contrary to the mother's contention, the neglect finding against her constituted a change in circumstances warranting a modification of the prior custody order, and the award of custody to the father is supported by evidence that he has provided a stable and happy home, where the children are thriving (id.). In addition, considering the parties' acrimonious relationship and failure to communicate or share basic information about the children, the court's grant of sole legal custody to the father was appropriate (see Matter of Tylaeya C. v Karl S., 187 AD3d 402, 403 [1st Dept 2020]).
Family Court's determination as to the mother's supervised visitation has a sound and substantial basis in the record. Furthermore, the Family Court conducted an in camera interview of both children who at the time were approximately 11 and 15 years old, and revealed their preferences for custody and visitation (see Matter of George A. v Josephine D., 165 AD3d 425, 425-426 [1st Dept 2018]).
The mother's contention that Family Court erred in making the custody determination without forensic evaluations is unpreserved and, in any event, unavailing (see Matter James Joseph M. v. Rosana R., 32 AD3d 725, 727 [1st Dept 2006], lv denied 7 NY3d 717 [2006]). "The decision whether to obtain forensic evaluations to assist in reaching a custody determination rests within the sound discretion of the trial court" (id. at 727 [internal citations omitted]), and the mother does not demonstrate that forensic evaluations were warranted here. The court conducted in camera interviews of the children and possessed sufficient information to make its determination. Nor was the mother deprived the effective assistance of counsel. Her speculation that favorable evidence might have been offered on her behalf is not sufficient to demonstrate prejudice constituting ineffective assistance of counsel (see Matter of Anthony G. v Stephanie H., 189 AD3d 615, 616 [1st Dept 2020], lv denied 36 NY3d 911 [2021]).
We have considered the mother's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023