Matter of Daniel B. v Deshauna S. (2024 NY Slip Op 02136)

Matter of Daniel B. v Deshauna S.

2024 NY Slip Op 02136

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Docket No. V-01338/19, V-06961/19 Appeal No. 2113 Case No. 2023-01025 

[*1]In the Matter of Daniel B., Petitioner-Appellant,
v
Deshauna S., Respondent-Respondent. 

Steven N. Feinman, White Plains, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.

Order, Family Court, New York County (Jacob K. Maeroff, Ref.), entered on or about February 9, 2023, which, after a fact-finding hearing, awarded respondent mother sole legal and physical custody of the subject child, with parenting time to petitioner father, unanimously affirmed, without costs.
While the father was the prevailing party in his visitation petition, he may raise the custody issue on appeal as an aggrieved party pursuant to CPLR 5511 because he opposed the mother being awarded sole legal custody (see Matter of Stephanie B. v Joshua M., 214 AD3d 431, 431 [1st Dept 2023]).
Family Court's decision to award sole legal custody to the mother with parenting time to the father is supported by a sound and substantial basis in the record (see Matter of Tyleaya C. v Karl S., 187 AD3d 402, 402 [1st Dept 2020]; see also Eschbach v Eschbach, 56 NY2d 167, 172 [1982]). Here, the record reflects that the child had a good relationship with both parents. The evidence at the hearing, which was over a four-year period, due in part to the Covid 19 pandemic, further established that both parents loved the child, maintained suitable living arrangements, and could adequately care for him. However, the court properly considered the fact that the mother had been the child's primary caregiver for the majority of his life and was capable of providing a more stable environment for the child (see Matter of Frank G. v Crystal C., 198 AD3d 455, 456 [1st Dept 2021]). She further demonstrated that she was better suited to meet the child's educational and medical needs (see Matter of Alfredo J.T. v Jodi D., 120 AD3d 1138, 1139 [1st Dept 2014]). The mother explained that she researched and actively pursued a specific school for the child because it was a good fit for him. In contrast, the father had never attended the parent-teacher conferences or any events the school hosted for the parents. He took no part in selecting the school and appeared indifferent to the entire process. Similarly, there was no evidence that the father was consistently involved in addressing the child's medical needs. The mother explained that she scheduled and attended all of the child's medical appointments, unlike the father who had attended only a few serious ones. The father could not recall the name of the child's pediatrician, even though he acknowledged that the mother had shared that information with him.
Furthermore, the evidence showed that, despite the parents' contentious relationship, the mother had been flexible and open to facilitating liberal contact between the father and the child and indicated a willingness to promote their relationship (see Matter of Nadine T. v Lastenia T., 161 AD3d 491, 493 [1st Dept 2018]). At the same time, the father repeatedly engaged in behavior, such as not returning the child from visits on time, that called into question his ability to make appropriate decisions regarding the child and promote his relationship with the mother. Moreover, the [*2]father acknowledged being inconsistent with the visitation schedule (see Matter of Flor Maria R.S. v Luis D.R., 219 AD3d 1261, 1261 [1st Dept 2023]), and visiting the child when it was most convenient for him.
The fact that the parties had a contentious relationship and could not communicate or share information about the child in a productive way, including through third parties, further militates against an award of joint custody in this case (see Kendra E. v Jared T., 209 AD3d 606, 606-607 [1st Dept 2022]; Matter of Tylaeya C., 187 AD3d at 403). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024