Matter of Kimberly J. v Benjamin G. (2024 NY Slip Op 02596)

Matter of Kimberly J. v Benjamin G.

2024 NY Slip Op 02596

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Kern, J.P., Oing, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. V-4909/22 Case No. 2023-04491 Appeal No. 2229 

[*1]In the Matter of Kimberly J., Petitioner-Respondent,
v
Benjamin G., Respondent-Appellant. 

Andrew J. Baer, New York, for appellant.
Douglas H. Reiniger, New York, for respondent.
Donna C. Chin, New York, attorney for the child.

Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about September 5, 2023, which, inter alia, after a fact-finding hearing, awarded sole legal and physical custody of the subject child to petitioner mother with a parenting access schedule to respondent father, unanimously modified, on the law, to the extent of remanding the matter to Family Court to conduct further proceedings consistent herewith, and otherwise affirmed, without costs.
We find no basis on which to disturb the determination that awarding sole custody to the mother was in the child's best interests. The court had the benefit of a full evidentiary hearing at which it had the opportunity to hear the testimony of both parents and to assess their demeanor and credibility (see Eschbach v Eschbach, 56 NY2d 167, 172 [1982]; see Matter of Carmen G. v Rogelio D., 100 AD3d 568 [1st Dept 2012]). The court concluded that the mother, who had been the child's primary caretaker since birth, had stable income and housing and was better suited to meet the child's educational and medical needs (see Matter of Alfredo J.T. v Jodi D., 120 AD3d 1138, 1139 [1st Dept 2014]). Further, the court properly considered the history of domestic violence between the parties (see Matter of Stacey-Ann H.J. v Ian J., 190 AD3d 456, 456 [1st Dept 2021]). Despite the parents' contentious relationship, the mother had been flexible and open to facilitating contact between the father and the child and indicated a willingness to promote their relationship (see Matter of Nadine T. v Lastenia T., 161 AD3d 491, 492-493 [1st Dept 2018]).
We further find that the visitation schedule, which consisted of overnight visits on alternate weekends, was a provident exercise of discretion and the father was provided meaningful contact with the child (see Matter of Flor Maria R.S. v Luis D.R., 219 AD3d 1261, 1261-1262 [1st Dept 2023]). However, we agree with the father that Family Court should have set forth a more precise parental access schedule for the child's birthday, school holidays, and vacation time, including the trips to Maryland (see Matter of Margaret R.K. v Kenneth K., 136 AD3d 530, 531 [1st Dept 2016]). Given the history of the parties' relationship and inability to cooperate in reaching an agreement with respect to the child, the court erred by leaving decisions regarding custody on the child's birthday, school holidays, and vacation time to the discretion of the mother. Accordingly, we remand the matter to
Family Court for a new determination setting forth a more detailed and comprehensive schedule. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024