Matter of Michael L. v Lillian G. (2024 NY Slip Op 05055)

Matter of Michael L. v Lillian G.

2024 NY Slip Op 05055

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Docket No. V09509/20, V04484/21 Appeal No. 2790 Case No. 2023-04453 

[*1]In the Matter of Michael L., Petitioner-Respondent,
v
Lillian G. Respondent-Appellant.

Daniel X. Robinson, New York (Daniel X. Robinson of counsel), for appellant.

Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about July 17, 2023, which granted respondent mother and petitioner father joint legal and physical custody of the subject child, delegating final decision-making authority on educational issues to the father and medical issues to the mother and setting out a detailed parental access schedule, unanimously affirmed, without costs.
Family Court's conclusion that an award of joint legal and physical custody to the parents was in the best interests of the child, and its denial of each parent's request for sole legal and primary physical custody, has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Rubin v Della Salla, 107 AD3d 60, 64 [1st Dept 2013]). The evidence presented at the hearing showed that the home environments of both parents were suitable and that both parents had the means to adequately provide for the child's material needs (see Eschbach, 56 NY2dat 172). After considering the parents' relative strengths and weaknesses, the court appropriately fashioned a remedy that divided decision-making authority between the parents in a way that would maintain their respective roles in the child's life (see Shali D. v Victoria V., 172 AD3d 581, 582 [1st Dept 2019]; Nimkoff v Nimkoff, 74 AD3d 408, 409 [1st Dept 2010]). Furthermore, the court's remedy advances the child's best interests by granting the mother and the child's half-sibling the bulk of time with the child during the week, as well as one weekend a month, thus affording the children more time together than they had under the arrangement in place since in or about September 2021 (see Eschbach, 56 NY2d at 173).
The remainder of the mother's objections to joint custody are either unsupported in the record or unpersuasive, given the parties' competing representations and the court's conclusion that neither party was entirely credible, a determination that is entitled to deference (see Matter of Deanna V. v Michael C., 179 AD3d 445, 446 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024