M.B. v F.B. (2025 NY Slip Op 00916)

M.B. v F.B.

2025 NY Slip Op 00916

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Kern, J.P., Moulton, Kapnick, Gesmer, Pitt-Burke, JJ. 

Index No. 304001/18 Appeal No. 3690 Case No. 2023-02532 

[*1]M.B., Plaintiff-Respondent,
v
F.B., Defendant-Appellant.

F.B., appellant pro se.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Judgment, Supreme Court, New York County (Tandra L. Dawson, J.), entered November 15, 2022, to the extent appealed from as limited by the briefs, incorporating an order, same court and Justice, entered June 12, 2019, which, inter alia, after a fact-finding hearing, awarded plaintiff wife sole legal and physical custody of the parties' child, granted defendant husband liberal overnight visitation, and granted a two-year stay-away order of protection in plaintiff's favor, unanimously affirmed, without costs.
The husband's contentions regarding the temporary visitation orders are moot since the final custody and visitation order, which was issued at the conclusion of an extensive trial in which both parents testified, superseded the temporary orders related to the custody petition (see Matter of Johanna Del C.T. v Gregorio A.L., 178 AD3d 430, 431 [1st Dept 2019]).
The court's evidentiary rulings did not improperly prevent the husband from putting on a case. It was his choice to proceed pro se after having retained an attorney earlier in the proceedings. While the courts may afford a pro se litigant some latitude, a pro se litigant "acquires no greater right than any other litigant and is held to the same standards of proof as those who are represented by counsel" (Bloom v Hilpert, 222 AD3d 574, 575 [1st Dept 2023] [internal quotation marks omitted]). Moreover, "[t]he courts are not obliged to indulge the excesses of a pro se litigant at the expense of decorum, judicial economy and fairness to opposing parties. Proceeding pro se is not a license to ignore court orders . . . or malign officers of the court" (Couri v Siebert, 48 AD3d 370, 371 [1st Dept 2008]). While the court was at times annoyed by the husband's combative, disrespectful, and emotional outbursts during the trial, the record does not demonstrate that the court was "so vexed that it could not be impartial" (Fulton Mkt. Retail Fish Inc. v Todtman, Nachamie, Spizz & Johns, P.C., 158 AD3d 502, 502 [1st Dept 2018]; see 22 NYCRR 100.3[E][1]).
The wife's amended family offense petition was timely as it was filed with leave of court (CPLR 3025). Similarly, the husband's assertion that he was denied an adjournment pursuant to Family Ct Act § 826(a) is contradicted by the record.
The court's decision to award sole legal and physical custody to the wife is supported by a sound and substantial basis in the record (see Matter of Keoshia R. v Lamont D., 191 AD3d 614, 615 [1st Dept 2021]). The record reflects that the child loved both parents and had a good relationship with them. Nevertheless, the court correctly determined that joint custody was not appropriate in this case (see Matter of Deserie D.G. v Jonathan C., 184 AD3d 538, 539 [1st Dept 2020]). The record demonstrated that the husband engaged in acts of domestic violence against the wife, often in the child's presence. Furthermore, the parties' relationship was marked by bitterness and acrimony. As a result, they were unable to communicate [*2]about the child or resolve even minor disagreements without the court's intervention. The record further shows that the husband was incapable of putting the child's needs above his own.
The court properly denied the August 27, 2018, violation petition, as it consisted solely of bare legal conclusions and lacked the factual support necessary to substantiate those conclusions (see Barnes v Hodge, 118 AD3d 633, 633 [1st Dept 2014]). At any rate, the denial of the violation petition has been rendered moot, since the final custody order superseded the temporary order for which the violation petition was filed (see Matter of Grace E.-J. v Roberts J.-R., 158 AD3d 509, 510 [1st Dept 2018]).
Contrary to the husband's contention, the denial of the January 15, 2019 motion was proper. He was provided with a full and fair opportunity at trial on his custody petition to present facts relevant to his claims that the wife failed to abide by the court's temporary orders of visitation and the impact of that on his relationship with the child, including the missed visits and the individuals authorized for pickup and drop-off.
With respect to the husband's September 24, 2019, modification motion, the husband's contention that the court prevented him from questioning the ACS caseworker is contradicted by the record. The husband had a full opportunity to question the ACS caseworker and there is no evidence that the husband's questioning of the caseworker was cut short.
Finally, no appeal lies from the orders declining to sign the husband's September 10, 2020, and March 15, 2021, orders to show cause, since these were ex parte orders that did not decide a motion made on notice (see CPLR 5701[a][2]; Chi Young Lee v Osorio, 184 AD3d 417, 417 [1st Dept 2020]).
We have considered the husband's remaining contentions and find them unpersuasive. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025