Matter of Jose C. v Zesta D. (2025 NY Slip Op 02000)

Matter of Jose C. v Zesta D.

2025 NY Slip Op 02000

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Webber, J.P., Kennedy, Mendez, Higgitt, O'Neill Levy, JJ. 

Docket Nos. V-13308-15/23 V-13309-15/23 Case No. 2024-00391|Appeal No. 4022

[*1]In the Matter of Jose C., Petitioner-Appellant,
v
Zesta D., Respondent-Respondent. 

Daniel X. Robinson, New York, for appellant.
Janet Neustaetter, The Children's Law Center, Brooklyn (Rachel J. Stanton of counsel), attorney for the children.

Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about January 17, 2024, which, after a fact-finding hearing, granted petitioner father's petition to modify an order of the same court dated July 24, 2015, made on consent, to the extent of awarding the parties joint legal and physical custody, with the final decision-making authority to respondent mother, and equal parenting time, unanimously affirmed, without costs.
There is a sound and substantial basis in the record supporting the determination that awarding joint legal custody with the mother having final decision-making authority is in the best interest of the children. While the record reflected mistrust between the parents, the court properly determined that the joint custody arrangement remained a viable option (see Matter of D.T. [A.G.], 226 AD3d 451, 452 [1st Dept 2024]; Matter of Koegler v Woodard, 96 AD3d 454, 458 [1st Dept 2012], appeal dismissed 19 NY3d 1013 [2012]). The court noted that, although the parties were separated for several years, the mother continued to support the children's relationship with the father, evidenced by the father's regular parenting time and strong bond with the children, despite the absence of any prior orders specifying a visitation schedule.
In awarding the mother final decision-making authority, the court considered the fact that she was the children's primary caregiver for several years and had a more proactive role in attending to their needs (see Matter of Frank G. v Crystal C., 198 AD3d 455, 456 [1st Dept 2021]). Contrary to the father's contention, the record does not contain any evidence that the mother made unilateral parenting decisions or that the father would have made different choices regarding the children's education, medical care, or religious needs.
Family Court providently exercised its discretion in declining to award the father primary physical custody of the children. The court's determination that the children would benefit from equal time with each parent, and that it would be in the best interests of the children for each parent to share physical custody, is supported by a sound and substantial basis in the record (see Matter of Michael L. v Lillian G., 231 AD3d 541, 541 [1st Dept 2024]). The evidence at the hearing showed that the home environment of each parent was suitable and that they had the means to adequately provide for the children. The court also properly considered the children's express wishes to spend equal time with each parent (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]).
The remainder of the father's objections to joint physical custody and equal parenting time are either not supported by the record or unpersuasive, given the parties' competing representations and the court's conclusion that neither party was entirely credible, a determination that is entitled to deference (see Matter of Deanna V. v Michael C., 179 AD3d 445, 446 [1st Dept 2020]).
THIS CONSTITUTES [*2]THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025