Matter of Juan R.H.P. v Wendy B.R. (2025 NY Slip Op 03975)

Matter of Juan R.H.P. v Wendy B.R.

2025 NY Slip Op 03975

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Moulton, J.P., Gesmer, Pitt-Burke, Higgitt, Michael, JJ. 

Docket No. V-8905/20, V-1940/21|Appeal No. 4650|Case No. 2024-00589|

[*1]In the Matter of Juan R.H.P., Petitioner-Appellant,
v
Wendy B.R. Respondent-Respondent.

Wendy B.R., Petitioner-Respondent,
v
Juan R.H.P. Respondent-Appellant.

Geoffrey P. Berman, Larchmont, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Alma M. Gomez, J.), entered on or about December 1, 2023, which, to the extent appealed from as limited by the briefs, awarded joint legal custody, ordered retention of a parent coordinator if the parties could not reach consensus on major decisions, and awarded the mother parenting time three weekends per month with the father responsible for transportation of the child to and from the mother's residence, unanimously modified, on the law, to the extent of affording the father final decision-making authority after good faith consultation with the mother and with the parent coordinator; and granting the mother parenting time on alternating weekends, commencing on Friday evenings at 7:00 p.m., with the mother to pick up the child curbside at the father's residence, to Sunday at 5:00 p.m., with the father to pick up the child curbside at the mother's residence, and otherwise affirmed, without costs.
Family Court providently exercised its discretion in finding that joint legal custody was in the child's best interests, as the record does not show that the parties' relationship is so acrimonious that they are unable to coparent (cf. Matter of Flor Maria R.S. v Luis D.R., 219 AD3d 1261, 1261 [1st Dept 2023]). The court found both parties credible and concluded that they both care for and have a good relationship with the child. Although the record shows that the mother lacked direct involvement in the child's education and medical care, her lack of involvement was due in part to the father's failure to share information with her about the child's schooling and medical issues, as well as his failure to sufficiently foster the relationship between her and the child.
However, the court, which ordered that the parties engage and consult with a parent coordinator in the event that they could not agree after good-faith consultation on major decisions for the child, made no determination regarding final decision-making. Because a parenting coordinator lacks the authority to resolve issues affecting the best interest of the child, we modify the order to provide that, if the parties are unable to reach an agreement after consulting in good faith with each other and meeting with the parent coordinator, the father shall have final decision-making authority (see R.K. v R.G., 169 AD3d 892, 895 [2d Dept 2019]; see also Silbowitz v Silbowitz, 88 AD3d 687, 687-688 [2d Dept 2011]). Because the father has primary physical custody and has been responsible for the child's academic and medical decisions for most of the child's life, affording him final decision-making authority if there is no other resolution is in the child's best interests.
Furthermore, the court improvidently exercised its discretion in determining that the mother should have three weekends per month of parenting time with the child, commencing at 9:30 on Saturday morning and concluding on Sunday evening at 8:00 p.m., with the father undertaking the entirety [*2]of the transportation (see e.g. R.K., 169 AD3d at 894-895). The father and the attorney for the child contend that this schedule is not in the child's best interests and places an undue burden on the father by requiring that he conduct all of the transportation for the mother's parenting time, and their contentions have support in the record. Under the weekend parenting schedule imposed by Family Court, the child is deprived of quality time with both parents because he is obliged to spend time in transit between East Harlem and Patterson, New Jersey on each weekend day that he travels to and from the mother's residence. Furthermore, the record supports a conclusion that each parent can and should share in transporting the child for visits.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2025