Matter of J.H. v G.H.

2026 NY Slip Op 02039

April 2, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of J.H., Petitioner-Respondent,

v

G.H., Respondent-Appellant.

Decided and Entered: April 02, 2026

Docket No. V-32464-17/24F V-32464-17/23E|Appeal No. 6258|Case No. 2025-01025|

Before: Manzanet-Daniels, J.P., Mendez, Pitt-Burke, Higgitt, Hagler, JJ.

Geoffrey P. Berman, Larchmont, for appellant.

Janet Neustaetter The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the child.

[*1]

Order, Family Court, Bronx County (Judith D. Waksberg, J.), entered on or about January 30, 2025, which denied appellant mother's petition for sole legal and physical custody of the subject child and granted respondent father's petition for sole legal and physical custody, with parenting time to the mother, unanimously affirmed, without costs.

The court properly exercised its discretion in awarding sole custody of the child to the father (see Matter of Deanna V. v Michael C., 179 AD3d 445, 446 [1st Dept 2020]). There is no basis to disturb the court's credibility determinations (see Matter of Ivan J. v Felicia V., 228 AD3d 506, 506 [1st Dept 2024]). The court observed that, based on the father's testimony and the mother's admissions, the child had a pattern of concerning absences and tardiness at school during the mother's custody weeks (see Matter of Xavier C. v Armetha K., 168 AD3d 438, 439 [1st Dept 2019], lv denied 32 NY3d 918 [2019]). Moreover, the parents clearly were unable to co-parent (see Matter of Markis L. v Jacquelyn C., 189 AD3d 580, 581 [1st Dept 2020]). The mother demonstrated more frequent and extreme loss of control when interacting with the father in the child's presence (see Matter of Chirag C. v Jaimie D., 226 AD3d 470, 471 [1st Dept 2024], lv denied 42 NY3d 907 [2024]). Accordingly, the court's determination that a change in custody was warranted by the totality of the circumstances and was in the child's best interests had a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 172 [1982]; Matter of Jarvis L. v Jasmine L.L., 168 AD3d 423, 423-424 [1st Dept 2019]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 2, 2026