■ In the Matter of DIANE T., Appellant, v SHAWN N. et al., Respondents. [47 NYS3d 16]—

Order, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about March 4, 2016, which dismissed the petition for custody of the subject child, unanimously affirmed, without costs.

Petitioner, the subject child's grandmother, contends that she has standing to seek custody and/or visitation pursuant to Domestic Relations Law § 72 (1) (which addresses grandparents' standing to seek visitation). However, she failed to demonstrate "that conditions exist which equity would see fit to intervene [sic]" (*id.*; *see Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182-183 [1991]). Petitioner visited the child so infrequently that she was unable to demonstrate an existing relationship with him.

We note that the record demonstrates no "extraordinary circumstances" pursuant to Domestic Relations Law § 72 (2) (which addresses grandparents' standing to seek custody).

In any event, petitioner failed to show that awarding her custody would be in the child's best interests (*see Eschbach v Eschbach*, 56 NY2d 167, 170-171 [1982]; *Matter of Antoinette McK. v Administration for Children's Servs.-NYY*, 107 AD3d 493 [1st Dept 2013], *lv denied* 22 NY3d 851 [2013]). In addition to the absence of a meaningful relationship between petitioner and the child (*see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]), the child was well bonded, loved, and cared for in the foster home, the only home he has ever known.

Contrary to petitioner's argument, kinship relatives of parents whose rights have been terminated do not have and are not afforded any greater standing or interest with respect to custody of the child than the child's foster parents (*see* Social Services Law § 383 [3]). Moreover, on this record, respondent agency, which had custody and guardianship of the child, supported the child's foster parents as his adoptive resource and would not consent to adoption by petitioner (*see Matter of Yary [Carol W.]*, 100 AD3d 200 [1st Dept 2012], *lv denied* 20 NY3d 1006 [2013]).

Petitioner failed to establish the requisite extraordinary circumstances to support her claim that her trial counsel and the attorney for the child rendered ineffective assistance of

counsel (*see Salvatore v Salvatore*, 68 AD3d 966 [2d Dept 2009]). Notably, during the proceedings, the then two-year-old child was unable to articulate or exercise his own judgment. Thus, the attorney for the child properly substituted her judgment for her client's in advocating for his best interests (*see e.g. Matter of Alfredo J.T. v Jodi D.*, 120 AD3d 1138 [1st Dept 2014]). Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Kahn, JJ.