Matter of Dajah S. v New York City Admin. for Children's Servs. (2019 NY Slip Op 02824)





Matter of Dajah S. v New York City Admin. for Children's Servs.


2019 NY Slip Op 02824


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


8993

[*1]In re Dajah S., Petitioner-Appellant,
v
New York City Administration for Children's Services, et al., Respondents-Respondents.


Carol L. Kahn, New York, for appellant.
Rosin Steinhagen Mendel, New York (Douglas H. Reiniger of counsel), for respondents.
Dawne Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), attorney for the child.



Order, Family Court, Bronx County (Gilbert A. Taylor), entered on or about August 31, 2017, which, inter alia, granted respondents' motion to dismiss the petition for custody of the subject child, unanimously affirmed, without costs.
Family Court properly dismissed the petition of the child's adult half-sister seeking custody because the child had already been freed for adoption, and his custody and guardianship awarded to respondents (see Matter of Carmen P. v Administration for Children's Servs., 149 AD3d 577 [1st Dept 2017]; see also 148 AD3d 420 [1s Dept 2017], lv denied 30 NY3d 930 [2017]). Moreover, petitioner's prior guardianship petition had been dismissed with prejudice.
Contrary to petitioner's contention, she was not entitled to participate in a best interests hearing on the child's proposed adoption by his foster parents. There was no adoption petition before Family Court to warrant a hearing. Indeed, Family Court properly dismissed the petition for custody without a hearing, as petitioner's recourse was to seek adoption, not custody of the child (see Matter of Boyd v Westchester County Dept. of Social Servs., 149 AD3d 1069, 1070 [2d Dept 2017]).
In any event, other than her kinship tie with the child, which did not afford her greater standing than the child's foster parents (see Social Services Law § 383[3]; Matter of Diane T. v Shawn N., 147 AD3d 463 [1st Dept 2017], lv denied 29 NY3d 986 [2017]), petitioner failed to show that awarding her custody would be in the child's best interests. The record shows that the child, who has special needs, was loved and well cared for in the foster home, and would be adversely affected by being removed
from the only home he has ever known (see Matter of Rochon Lela D., 37 AD3d 311 [1st Dept 2007], lv denied 8 NY3d 815 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK