Matter of Skarlith G. v Guelvis J.C. (2020 NY Slip Op 03455)





Matter of Skarlith G. v Guelvis J.C.


2020 NY Slip Op 03455


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Acosta, P.J., Richter, Mazzarelli, Webber, González, JJ.


11663 -13953/18

[*1] In re Skarlith G., Petitioner-Appellant,
v
Guelvis J.C., Respondent-Respondent.


Beth E. Goldman, New York Legal Assistance Group, New York (Rachel Lieb of counsel), for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), attorney for the child.



Order, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about October 26, 2018, which, after a trial, dismissed the family offense petition with prejudice, unanimously affirmed, without costs.
Petitioner's argument that the court demonstrated bias against her is unpreserved for appellate review (see Matter of Bowe v Bowe, 124 AD3d 645, 646 [2d Dept 2015]; Matter of Kimberly Z. [Jason Z.], 88 AD3d 1181, 1184 [3d Dept 2011]). In any event, the argument is unavailing. The record shows that the court listened to the testimony, treated the parties fairly, and did not have a predetermined outcome in mind during the hearing (see Matter of Bowe, 124 AD3d at 646; Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894 [2d Dept 2016]). Among other things, petitioner's arguments about the court's nonrenewal of the temporary order of protection are speculative.
The dismissal of the petition has a sound and substantial basis in the record. Petitioner failed to establish by a preponderance of the evidence that respondent committed acts that warranted an order of protection, in light of the court's finding that most of her testimony was not credible; petitioner offers no basis for disturbing this finding, which is entitled to great deference on appeal (see Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]; Matter of Barnes v Barnes, 54 AD3d 755 [1st Dept 2008]). The court correctly rejected the claim of disorderly conduct because the testimony did not establish the element of intent to cause a public inconvenience, annoyance or alarm (see Penal Law § 240.20).
The court's decision amply states the facts that the court deemed essential to the decision (see CPLR 4213[b]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK