Matter of Sarah B. v Aubrey S. (2021 NY Slip Op 02353)





Matter of Sarah B. v Aubrey S.


2021 NY Slip Op 02353


Decided on April 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 20, 2021

Before: Webber, J.P., Kern, Oing, González, JJ. 


Docket No. V-22344/17 V-33610-17 Appeal No. 13707 Case No. 2020-01002 

[*1]In the Matter of Sarah B., Petitioner-Respondent,
v
Aubrey S., Respondent-Appellant. 


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Larry S. Bachner, New York, respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the child.



Order, Family Court, Bronx County (Aija M. Tingling, J.), entered on or about January 22, 2020, which, inter alia, after a hearing, awarded petitioner mother sole physical and legal custody of the subject child and awarded respondent father parenting time during the summer, alternate holidays and school breaks, unanimously modified, on the facts, to the extent of remanding the matter of the father's visitation schedule for further proceedings, and otherwise affirmed, without costs.
The court's determination that the award of sole legal and physical custody to the mother would serve the best interests of the child has a sound and substantial basis in the record (see Matter of Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). Even though the child had been living primarily with the father since November 2015, the parties' testimony established that the mother is better equipped to address the child's educational, emotional, and material needs (see Matter of Deanna V. v Michael C., 179 AD3d 445, 446 [1st Dept 2020]). In addition, the court properly considered the recommendations of both the court-appointed forensic psychologist and the attorney for the child that the mother be awarded sole legal and physical custody (see Matter of Angelina L.C. [Michael C. — Patricia H.-C.], 110 AD3d 793, 796 [2d Dept 2013]).
The father's claims of bias are unpreserved, and, in any event, unsupported by the record, which demonstrates that the court's decision to award custody to the mother was based on the evidence presented, and not on any preconceived notion held by the court (see Matter of Bowe v Bowe, 124 AD3d 645, 646 [2d Dept 2015]). We further find that, contrary to the father's contention, he received effective assistance of counsel. The record viewed in totality reveals that the father received meaningful representation in that his counsel vigorously cross-examined witnesses, raised objections, and zealously advocated for him (see Matter of Anaya Michelle L. [Ronald Shamel L.], 90 AD3d 432 [1st Dept 2011]).
Since neither the attorney for the child nor the mother object to the father's request for expanded parenting time with the child during school breaks and on weekends, we remand the matter of an appropriate visitation schedule to the court for further proceedings.
We have considered the father's remaining contentions, including that he was not afforded a fair trial, and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2021