Bradley v Bakal (2022 NY Slip Op 06988)

Bradley v Bakal

2022 NY Slip Op 06988

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kapnick, J.P., Oing, Singh, Moulton, Pitt-Burke, JJ. 

Index No. 350025/17 Appeal No. 16823 Case No. 2021-02059 

[*1]Christopher Bradley, Plaintiff-Respondent,
v
Lisa Bakal, Defendant-Appellant.

Brian D. Perskin & Associates P.C., Brooklyn (Brian D. Perskin of counsel), for appellant.
Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York (Nicholas Ferris Cohen of counsel), for respondent.

Judgment, Supreme Court, New York County (Sue Ann Hoahng, Special Referee), entered May 13, 2021, incorporating, but not merging, provisions of an oral stipulation of settlement entered into on February 24, 2020, unanimously modified, on the law, to the extent of vacating the basic child support provisions and remanding the matter for a determination of the parties' basic child support obligation, including the parties' prorated contributions toward statutory add-on expenses, in accordance with the Child Support Standards Act (CSSA), and for further proceedings consistent with this decision, and entry of an amended judgment in accordance herewith, and otherwise affirmed, without costs.
Since the parties' in-court oral stipulation violated the CSSA by failing to recite the presumptively correct amount of child support under the statute and explain why the parties deviated from CSSA standards as mandated by Domestic Relations Law § 240(1-b)(h), the basic child support provisions of the agreement are invalid and cannot be enforced (see David v Cruz, 103 AD3d 494, 494 [1st Dept 2013]). Thus, the parties' monthly basic child support obligation must be recalculated through the application of the CSSA, including the parties' pro-rated obligation for statutory add-on expenses for reasonable unreimbursed health care expenses and child care expenses incurred by a working custodial parent as set forth in Domestic Relations Law § 240(1-b)(c)(4) and (5).
In the interim, plaintiff shall continue to pay to defendant child support in the sum of $5,000 per month and 70% of add-on expenses as set forth in the judgment of divorce, with any overpayment to be credited against plaintiff's future payment of the child's add-on expenses after entry of the amended judgment, or underpayments to be debited to him and included as arrears in the amended judgment. We note that the parties' agreement as to the child's private school tuition is not invalidated by the parties' failure to comply with the CSSA and remains enforceable (see Cimons v Cimons, 53 AD3d 125, 131 [2d Dept 2008]).
Aside from vacating the child support provisions, we do not agree with defendant's contention that the judgment of divorce should be vacated in its entirety because the parties had not yet agreed to all the ancillary issues to the divorce, and the judgment did not reflect the parties' in-court oral stipulation. The record makes clear that the parties' in-court oral stipulation on February 24, 2020 was intended to resolve all ancillary issues of the divorce, as expressly held in the Referee's subsequent written decision. Furthermore, even if the judgment of divorce includes terms that were not expressly agreed to by the parties, upon review of the oral stipulation, we conclude that the parties agreed upon the essential elements to create an enforceable contract, notwithstanding that certain discrete issues were left open to future negotiation. Since the parties are unable to reach an agreement [*2]on these remaining issues, the court is entitled to fill in the gaps based on objective criteria (see Four Season Hotels v Vinnik, 127 AD2d 310, 317-318 [1st Dept 1987]). Accordingly, we remand the matter to the court for a determination that the terms of the judgment of divorce not expressly agreed to by the parties comport with some objective criteria (id.).
With respect to defendant's claim that she is entitled to certain reimbursements from plaintiff, we cannot make such determination on this record. However, we note that her failure to make any formal objection to the court during the many months of negotiating the written settlement indicate that she implicitly ratified the distribution as memorialized in the judgment of divorce (see Friedman v Garey, 8 AD3d 129, 129 [1st Dept 2004]).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022