Alevy v Herz (2023 NY Slip Op 01735)

Alevy v Herz

2023 NY Slip Op 01735

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Friedman, Rodriguez, JJ. 

Index No. 306655/11 Appeal No. 17611-17612-17613-17614-17615-17616 Case No. 2021-03239, 2021-04595, 2021-04596, 2022-00182 

[*1]Steven Alevy, Plaintiff-Respondent,
v
Rifka Herz, Defendant-Appellant.

Rifka Herz, appellant pro se.
Larry S. Bachner, New York, for appellant.
Dobrish Michaels Gross LLP, New York (Robert Z. Dobrish of counsel), for respondent.

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered November 1, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff father's petition for relocation and set forth defendant mother's parental access schedule with the child, unanimously affirmed, without costs. Order, same court and Justice, entered October 29, 2021, which denied the mother's motion to hold the father in contempt, unanimously affirmed, without costs. Judgment, same court and Justice, entered December 9, 2021, among other things, directing the mother to pay $535.50 per month in basic child support, in addition to $16,600.50 in basic child support arrears to be paid over 36 months, unanimously modified, on the law, to the extent of vacating the basic child support provisions and remanding the matter for a determination of the parties' basic child support obligations in accordance with the Child Support Standards Act (CSSA) and entry of an amended judgment in accordance with this decision, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about August 30, 2021, granting the father's motion to relocate with the child, unanimously dismissed, without costs, as subsumed in the appeal from the order entered November 1, 2021.
The father, who since 2016 has had sole custody of the parties' child in accordance with a court order, established by a preponderance of the evidence that the proposed relocation to California would enhance the child's life economically, educationally, and emotionally (see Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]). Contrary to the mother's position, there is no basis to disturb the trial court's credibility assessments regarding the unique job opportunity awaiting the father in California or the dearth of comparable opportunities in New York or New Jersey.
The court-appointed forensic, Dr. William Kaplan, found that the child's best interests were not served by relocation, and therefore recommended against it. However, Dr. Kaplan based his conclusion on conversations with the child over a year before the trial. By contrast, based on an extensive Lincoln hearing with the child, then 14 years old, Supreme Court determined that the child's wishes had changed, as also evinced by the position of the attorney for the child that the court should grant the father's motion for relocation subject to an award to the mother of expanded and unsupervised parental access. We note that from 2016 until relocation was granted, the mother had very limited supervised access with the child, and in its efforts to preserve their relationship, the court not only increased access beyond the status quo but ordered the father to pay all travel costs.
We reject the mother's claim that the parental access schedule set forth by the court is unduly restrictive and complex and that remand is warranted on that basis. The mother fails to specify which provisions of the schedule are objectionable[*2], and it is unclear from the record whether she submitted an alternative proposed schedule to the court as requested. Moreover, nothing prevents the mother from seeking a modification of the schedule from Supreme Court, which maintains continuing jurisdiction over custody and visitation matters.
The mother failed to preserve her argument that judicial bias deprived her of a fair trial, and in any event, the argument is unpersuasive. The court's determination that relocation was in the child's best interest has a sound and substantial basis in the record, and the mother's motion for unsupervised visitation was granted; thus, any alleged bias did not unjustly affect the result (see Matter of Sarah B. v Aubrey S., 193 AD3d 538, 538 [1st Dept 2021]). The mother also failed to establish the requisite extraordinary circumstances to support her claim that the attorney for the child rendered ineffective assistance (see Matter of Diane T. v Shawn N., 147 AD3d 463, 463-464 [1st Dept 2017], lv denied 29 NY3d 986 [2017]). On the contrary, the record reveals that the attorney for the child fully participated in the proceedings and zealously advocated for his client.
Although the mother appeals from the denial of her motion to find the father in contempt, she does not, as she did in her motion before Supreme Court, argue that the father willfully violated a court order. Rather, she raises a new accusation that the father committed perjury during the trial. This argument is not properly before us, and in any event, is unsupported by the record.
With respect to the financial issues addressed in the judgment of divorce, we conclude that the court properly denied the mother equitable distribution, maintenance, and counsel fees. We note that the record fails to include, among other things, the minutes from the Referee's hearing and from the proceeding in which the court rendered its decision on the record, which prevents us from making a full assessment of the mother's arguments (see Mezinev v Tashybekova, 209 AD3d 586, 586 [1st Dept 2022]). Indeed, the mother does not deny that she failed to present any evidence at the hearing as to any marital assets, counsel fees owed, or an updated statement of net worth attesting to her current expenses, and thus, she provides no basis to reverse Supreme Court's determination. Moreover, the mother admits that since commencement of the action in 2011, she had been living rent-free in an apartment owned by the father's family, which, the parties stipulated, had a market rent of $4,000 per month. Given the mother's age and education, and given that she received maintenance in the form of rent-free housing for twice the length of the marriage, it is submitted that the court providently exercised its discretion in declining to award her maintenance on a marriage of approximately five years (see Spathis v Dulimoth-Spathis, 103 AD3d 599, 601 [1st Dept 2013], lv dismissed in part, denied in part 22 NY3d 913 [2013], cert denied 574 [*3]US 856 [2014]).
We agree with the mother, however, that the child support provisions of the judgment of divorce must be vacated and the matter remanded for a recalculation of child support in accordance with the CSSA. Supreme Court properly imputed an annual income of $37,800 to the mother given her level of education, her demonstrated past earning potential of $60,000, her earned income of $18,900 in 2018 for part-time employment, and her evasiveness about her finances (see Lennox v Weberman, 109 AD3d 703, 703-704 [1st Dept 2013]). Nevertheless, the court failed to engage in the three-step method for determining the basic child support obligation under the CSSA by calculating combined parental income up to the statutory income cap by the specified child support percentage, allocating the resulting amount on a pro rata basis, and articulating any reasons for deviating from the CSSA guidelines (see Kent v Kent, 291 AD2d 258, 259 [1st Dept 2002]).
The father's obligation to pay 100 percent of the child's private school tuition and other expenses not directly connected to the basic child support calculation remains enforceable under the judgment (see Bradley v Bakal, 211 AD3d 456, 457 [1st Dept 2022]; Cimons v Cimons, 53 AD3d 125, 131 [2d Dept 2008]). Furthermore, by order dated April 26, 2022, this Court stayed so much of the judgment as obliged the mother to pay child support and arrears, and that stay will continue until entry of the amended judgment.
We have considered the mother's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023