Trevino v Pray (2023 NY Slip Op 03426)

Trevino v Pray

2023 NY Slip Op 03426

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Renwick, P.J., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 153458/20, 151324/21 Appeal No. 516-517 Case No. 2022-05323 2022-05404 

[*1]Edna Catalina Ruiz Trevino, Plaintiff-Appellant,
v
Franklin Lee Pray, Defendant-Respondent. 

Edna Catalina Ruiz Trevino, appellant pro se.
Franklin Lee Pray, respondent pro se.

Second amended order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered November 7, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff mother's request for sanctions against defendant father and his attorney, attorney's fees and lost income, for an order directing father to attend therapy, and for an order of protection for herself and the child, unanimously affirmed, without costs. Appeal from second amended order, same court and Justice, entered October 3, 2022, which, to the extent appealed from as limited by the briefs, denied the mother's identical request for relief, unanimously dismissed, without costs, as subsumed in the appeal from the November 7, 2022 order.
Although a formal notice of motion or cross-motion should be used to request the relief sought by the mother in her opposition papers, courts have the discretion, in the interest of justice, to entertain affirmative relief that does not meet the requirements of CPLR 2215 (see Wimbledon Fin. Master Fund, Ltd. v Laslop, 169 AD3d 550, 551 [1st Dept 2019]; Fried v Jacob Holding, Inc., 110 AD3d 56, 64-65 [2d Dept 2013]). Here, the court providently exercised its discretion to review the mother's request for relief, since the relief was sufficiently interrelated to the relief sought in the father's motions, and he was able to address the request in his reply papers. The mother's contention that the court failed to consider the affirmative relief sought in her opposition papers is not supported by the record. In fact, the court amended the decision to address the merits of her claims and expressly noted that it had reviewed her submissions, and found them to be without merit. Contrary to the mother's contention, the court properly denied her request for sanctions against the father and his attorney because neither of them engaged in frivolous or improper conduct.
The court properly denied the mother's request for attorney's fees in connection with the first petition as untimely. It correctly found that the request had to have been made prior to the mother withdrawing her petition on September 17, 2020, and the court no longer had the authority under Domestic Relations Law § 237 to direct an award of attorney's fees (see Taylor v Taylor, 120 AD2d 355, 356 [1st Dept 1986]). Moreover, if her request for attorney's fees were timely, it would still be denied because it was not accompanied by a statement of net worth, as required by 22 NYCRR 202.16 (k), or the income tax return for the relevant year, which would have been 2020. As to the mother's request for attorney's fees in connection with the second petition, she was not entitled to an award of attorney's fees as a pro se litigant (see Matter of Leeds v Burns, 205 AD2d 540, 540 [2d Dept 1994], lv denied 84 NY2d 811 [1994]).
The court also properly denied the mother's request for an order of protection because she failed to allege acts by the father that would constitute any of the [*2]enumerated family offenses (see Matter of Stefan R. v Yesenia R., 191 AD3d 486 [1st Dept 2021]; Matter of Derwood G. v Daniel R., 190 AD3d 520, 521 [1st Dept 2021]).
The mother's contention that the court was biased against her is not preserved because she did not move for the court to recuse itself (see Matter of Bowe v Bowe, 124 AD3d 645, 646 [2d Dept 2015]). In any event, the argument is unavailing. The record shows that the court, in its discretion, decided to address the merits of the mother's request for relief raised in her opposition papers, extensively analyzed the arguments raised by both parties, and did not have a predetermined outcome in mind (see Matter of Skarlith G. v Guelvis J.C., 184 AD3d 470, 471 [1st Dept 2020]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023