Matter of Chirag C. v Jaimie D. (2024 NY Slip Op 01981)

Matter of Chirag C. v Jaimie D.

2024 NY Slip Op 01981

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Higgitt, Rosado, JJ. 

Index No. V-04112/21 V-00248/22 Appeal No. 2028 Case No. 2023-02874 

[*1]In the Matter of Chirag C., Petitioner/Respondent-Appellant,
v
Jaimie D., Respondent/Petitioner-Respondent. 

Elliott Scheinberg, PC, New City (Elliott Scheinberg of counsel), for appellant.
Dean M. Villani, P.C., Hauppauge (Dean M. Villani of counsel), for respondent.
Karen Freedman, Lawyers for Children, New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Supreme Court, New York County (Tandra L. Dawson, J.), entered on or about May 12, 2023, which, after a fact-finding hearing, denied petitioner father's petition for sole legal and physical custody of the subject child, and granted respondent mother's cross-petition for sole legal and physical custody, and relocation, with parenting time to the father, unanimously affirmed, without costs.
The court's determination that the child's best interests would be served by awarding sole legal and physical custody of the child to the mother and allowing the mother to relocate with the child to Long Island has a sound and substantial basis in the record (see Matter of David J.B. v Monique H., 52 AD3d 414, 415 [1st Dept 2008]; see also Tropea v Tropea, 87 NY2d 727, 740-741 [1996]; Eschbach v Eschbach, 56 NY2d 167, 172 [1982]). Where, as here, the court had the benefit of a full evidentiary hearing, and its determination rests largely on the witnesses' demeanor and the credibility of their testimony, its finding must be accorded great deference (see Eschbach, 56 NY2d at 173).
The record further showed that the mother had always been the child's primary caretaker who was responsible for the day-to-day tasks and who was more likely to foster a relationship between the father and child (see Xiomara M. v Robert M., Jr., 102 AD3d 581, 582 [1st Dept 2013]).
Moreover, the record established that joint custody was not appropriate in this case (see Braiman v Braiman, 44 NY2d 584, 590 [1978]; Matter of Jamel W. v Stacey J., 136 AD3d 552, 552 [1st Dept 2016]). The father was palpably hostile towards the mother, refused to make any joint decisions concerning the child, and expressed a disdain for the mother's personality and parenting style.
The record further demonstrated that the mother's motivation for relocating to Long Island permanently was financial, as opposed to a desire to get away from the father or to keep the child away from him. The mother had family support in Suffolk County and was able to move in with her parents, who agreed to provide free childcare. She secured a suitable school for the child and was able to continue working for her employer remotely. The mother testified about the financial pressures she was experiencing in light of the mounting litigation costs, part of which was undoubtedly caused by the father's lack of financial support and lack of candor about his finances. Additionally, there was no evidence that the father's relationship with the child had been negatively affected by the mother's relocation.
The visitation schedule, which provides for alternate weekends, a midweek dinner, three weeks during the summer, and alternating holidays, was a provident exercise of the court's discretion (see Matter of Kendra E. v Jared T., 209 AD3d 606, 607 [1st Dept 2022]).
The father's arguments that the court's rulings regarding evidence and testimony deprived him of a fair hearing are not supported by the record (see Matter of Sarah [*2]B. v Aubrey S., 193 AD3d 538, 538 [1st Dept 2021]). Moreover, even if the court had erred in some of its procedural or evidentiary rulings, the error is harmless, since there is no reason to believe that the result would have been different if the evidence had been admitted (see Simone v McNamara, 59 AD3d 349, 349 [1st Dept 2009]). Similarly, the decision to limit the rebuttal to three lines of inquiry "rest[s] with the sound discretion of the . . . court" and that discretion should not "be disturbed absent a clear abuse of discretion" (see Tate-Mitros v MTA N.Y. City Tr., 144 AD3d 454, 456 [1st Dept 2016] [internal quotation marks omitted]).
The father's claims of bias are unpreserved, and he presents no factual basis to demonstrate that the court's decision was the result of a predetermined outcome in its mind during the hearing (see Matter of Skarlith G. v Guelvis J.C., 184 AD3d 470, 471 [1st Dept 2020]).
Finally, the father failed to establish that the attorney for the child rendered ineffective assistance of counsel (see Matter of Diane T. v Shawn N., 147 AD3d 463, 463-464 [1st Dept 2017], lv denied 29 NY2d 896 [2017]).
We have considered the father's remaining contentions and reject them. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024