Milchin v Milchin (2025 NY Slip Op 06654)

Milchin v Milchin

2025 NY Slip Op 06654

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Rosado, Hagler, JJ. 

Index No. 305293/19|Appeal No. 5239|Case No. 2024-05564|

[*1]Alicia Milchin, Plaintiff-Respondent,
v
Richard Milchin, Defendant-Appellant.

Grant, Herrmann, Schwartz & Klinger LLP, New York (Bryan M. Goldstein of counsel), for appellant.
Blank Rome LLP, New York (Brett S. Ward of counsel), for respondent.

Manzanet-Daniels, J.P., Moulton, Gesmer, Rosado, Hagler, JJ.

 

Grant, Herrmann, Schwartz & Klinger LLP, New York (Bryan M. Goldstein of counsel), for appellant.
Blank Rome LLP, New York (Brett S. Ward of counsel), for respondent.
Order, Supreme Court, New York County (Douglas Hoffman, J.), entered on or about August 5, 2024, which, to the extent appealed from, denied defendant father's applications for attorney's fees and sanctions, unanimously affirmed, without costs.
The motion court appropriately exercised its discretionary denial of the father's applications for attorney's fees. The father failed to include the required statement of net worth, or comparable statement evidencing his income in either of his applications as required pursuant to Domestic Relations Law §§ 237, 238 and 22 NYCRR 202.16(k)(2) (see Lek v Lek, 232 AD3d 547, 547 [1st Dept 2024], lv dismissed 43 NY3d 926 [2025]; Trevino v Pray, 217 AD3d 592, 593 [1st Dept 2023]). Nor was there good cause shown by the father establishing why the court should dispense with that requirement (see Levy v Levy, 272 AD2d 207, 208 [1st Dept 2000]). Furthermore, the record before the motion court was devoid of any evidence which it could have considered to be in "substantial compliance" with the prescribed statement of net worth form (22 NYCRR 202.16 [b]; Antoine L. v Virginie F., 212 AD3d 502 [1st Dept 2023]). We perceive no reason to disturb the motion court's determinations (Grozea v Lagoutova, 67 AD3d 611, 611 [1st Dept 2009]). To the contrary, the court presided over the parties' matrimonial action, motion practice, the hearing on the issue of substantial change of circumstances with respect to custody of the parties' children, and the parties' settlement of the custody issues, and was thus in the best position to determine whether the mother's conduct warranted sanctions or imposition of legal fees.
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025